IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITY OF SAINT PAUL, MINNESOTA, *et al.*,

    *Plaintiffs*,

  v.

CHRISTOPHER WRIGHT, in his official capacity as Secretary of Energy, *et al.*,

    *Defendants*.

Case No. 25-cv-3899

**JOINT STATUS REPORT**

Pursuant to the Court's November 17, 2025 minute order, the parties met and conferred regarding a schedule for completing briefing on Plaintiffs' motion for a preliminary injunction, Dkt. No. 8, but were unable to reach agreement on a proposed schedule. The parties set forth their respective positions below.

**Plaintiffs' Position**

Plaintiffs seek a schedule that would allow for a hearing within 21 days of filing the motion for a preliminary injunction, as provided for under Local Rule 65.1(d). Plaintiffs effectuated hand-service of the motion on Defendants on Monday, November 17, and 21 days from that date is Monday, December 8.[1] Although Defendants' opposition to the motion is due on November 24 under the Local Rules, Plaintiffs are amenable to an extension of that date so long as the hearing on the motion still occurs by December 8. A hearing by that date is required because "a later hearing date" will "prejudice" Plaintiffs. *See* Local Rule 65.1(d) ("a hearing on

---

[1] Although Plaintiffs filed the motion on Friday, November 14, and emailed the motion to attorneys at the Department of Justice that same day, Plaintiffs do not object to using the later hand-service date for purposes of calculating the 21 day-period under Local Rule 65.1(d).

an application for preliminary injunction shall be set by the Court no later than 21 days after its filing, unless the Court earlier decides the motion on the papers or makes a finding that a later hearing date will not prejudice the parties").

As explained more fully in Plaintiffs' motion for a preliminary injunction, Plaintiffs are suffering ongoing irreparable harm as a result of Defendants' unlawful termination of their awards with the Department of Energy. *See* Dkt. No. 8-1 at 21–26. Many of these awards were for millions of dollars to fund projects supporting clean, affordable energy, and Plaintiffs structured their businesses in reliance on the federal government upholding its promises. For some Plaintiffs, the awards constituted a huge percentage of their entire budget for the year. *Id.* at 23 (citing Levin Decl. ¶ 7, Dkt. No. 8-18; Nichols Decl. ¶ 10, Dkt. No. 8-17). The government's abrupt termination of the awards on the first day of the shutdown has already caused Plaintiffs to lay off employees and cease the projects funded by the awards. *Id.* at 22–23. Unless the awards are restored imminently, Plaintiffs will need to lay off additional employees and shut down these projects permanently. *Id.*

Plaintiffs are amenable to any schedule that would allow Plaintiffs to file a reply brief and have a hearing by December 8, with the sole caveat that Plaintiffs' counsel are unavailable for a hearing on December 4. One potential schedule that would accomplish these ends, while accommodating Defendants' request for additional time, would be to give Defendants a one-week extension to file their opposition, allow Plaintiffs four days to file a reply, and hold a hearing shortly thereafter. Accordingly, Plaintiffs propose the following schedule:

**December 1, 2025**: Defendants' opposition

**December 5, 2025**: Plaintiffs' reply

**December 8, 2025**: Hearing (subject to the Court's availability)

As part of the parties' meet and confer, the government suggested that a delay from the schedule prescribed under the Local Rules is warranted because the federal government is just emerging from a shutdown. That is no basis to deviate from the Local Rules to the prejudice of Plaintiffs, especially given that the government chose to terminate these awards *during* the shutdown. Defendants cannot voluntarily take highly disruptive actions during the shutdown—to the detriment of private and public parties—and then claim that they are not prepared to defend those actions in court because of the shutdown. Defendants, in other words, are responsible for the timing of this case and its proximity to the shutdown. For that same reason, Defendants' other asserted basis for delay—that their brief would be due several days removed from the Thanksgiving holiday—is not a valid basis for delaying Plaintiffs' day in court. In any event, under Plaintiffs' proposed schedule, the government will have a full additional week beyond what is contemplated by the Local Rules, and four days after Thanksgiving, for their filing. Accordingly, Plaintiffs respectfully request that the Court enter the briefing schedule set forth above.

**Defendants' Position**

Defendants respectfully propose a schedule in which Defendants' opposition brief to Plaintiffs' preliminary injunction motion is due by Wednesday, December 10, 2025. Defendants respectfully defer to the Court's discretion as to whether or when to schedule a hearing on Plaintiffs' motion, as well as the scheduling of any reply brief by Plaintiffs in support of their motion.[2] In support of this schedule, Defendants, through undersigned counsel, state the following:

---

[2] However, Defendants respectfully notify the Court that undersigned Defendants' counsel will be unavailable December 22-January 9, owing to a previously-scheduled absence.

1.      This proposed schedule is reasonable under the circumstances.  Defendants will be significantly prejudiced if an earlier date were to be set for the filing of their opposition brief.  With Thanksgiving Week occurring next week, previously scheduled absences, including travel plans of personnel at the Departments of Energy and Justice will make it very difficult for undersigned counsel to fulsomely consult with agency counsel and agency programmatic staff and fully prepare an opposition brief.  (Even if a draft opposition could be prepared in such a timeframe, it would need to be reviewed by senior leadership at both agencies and revised as needed).  To the extent that some interagency consultation were possible during this week, counsel and program staff at both agencies are intending to enjoy the Thanksgiving holiday with their families and would instead need to work significant portions of that week and weekend if a brief were due early the week of December 1, 2025.  This poses an undue hardship.

2.      This difficulty is only exacerbated by the fact that the federal government is just emerging from a long shutdown.  Absent special permission, federal law prohibits federal employees from working during a lapse in appropriations.  Thus, many federal employees—including undersigned counsel for Defendants—are dealing with a substantial backlog of work that could not be performed during the appropriations lapse.

3.      Plaintiffs' timeline for filing their motion for a preliminary injunction against any claim that Plaintiffs would be prejudiced by a schedule in which Defendants' opposition brief is due by December 10, 2025.  This case challenges the alleged terminations of contracts that appear to have been announced at the beginning of October, about seven weeks ago.  However, Plaintiffs did not file their preliminary injunction motion until November 14, 2025.  In light of this unexplained delay, Plaintiffs have not demonstrated that they will suffer prejudice under Defendants' proposed schedule.

4. Finally, Defendants' proposed schedule is consistent with this District's Local Rules. Local Rule 65.1(d) provides in relevant part: "On request of the moving party together with a statement of the facts which make expedition essential, a hearing on an application for preliminary injunction shall be set by the Court no later than 21 days after its filing, unless the Court earlier decides the motion on the papers or makes a finding that a later hearing date will not prejudice the parties." (emphasis added). As explained above, Plaintiffs have not demonstrated that expedition is so essential in this case that Defendants' proposed schedule would prejudice Plaintiffs. By contrast, as explained above, Defendants will be significantly prejudiced if their proposed schedule is not adopted because it will be virtually impossible for them to confer with their clients before filing their opposition brief.

5. Defendants therefore respectfully request that the Court adopt their proposed schedule.

Dated: November 14, 2025

Respectfully submitted,

*/s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar 1016621)
Stephen K. Wirth (D.C. Bar 1034038)
John Robinson (D.C. Bar 1044072)
JACOBSON LAWYERS GROUP PLLC
5100 Wisconsin Ave. NW, Suite 301
Washington, DC 20016
Tel: (301) 823-1148
dan@jacobsonlawyersgroup.com

*Counsel for Plaintiffs*

Vickie L. Patton (CO Bar 30370)*
Peter Zalzal (CO Bar 42164)*
Rosalie Winn (CO Bar 52662)*
Stephanie Jones (NY Bar 5590724)*
2060 Broadway, Suite 300
Boulder, CO 80302
(720) 837-6239
vpatton@edf.org

*Counsel for Plaintiff Environmental Defense Fund*

LYNDSEY OLSON
Saint Paul City Attorney

By: /s/ *Kelsey McElveen*
Kelsey McElveen[+]
Office of the City Attorney
15 W. Kellogg Blvd., 400 City Hall
Saint Paul, MN 55102
(651) 226-8710

*Counsel for Plaintiff Saint Paul, Minnesota*

*Pro hac vice forthcoming
[+]Admitted pro hac vice


BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JOSEPH BORSON
Assistant Branch Director
Federal Programs Branch

   /s/  Daniel Riess
DANIEL RIESS (Texas Bar No. 24037359)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C.  20005
Tel: (202) 353-3098
Daniel.Riess@usdoj.gov

*Attorneys for Defendants*