IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITY OF SAINT PAUL,
MINNESOTA, ET AL.,                    )
                                      )
        Plaintiffs,                   )    CV No. 25-3899
                                      )    Washington, D.C.
     vs.                              )    December 17, 2025
                                      )    10:35 a.m.
CHRISTOPHER WRIGHT, ET AL.,           )
                                      )
        Defendants.                   )
_____)

TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS
BEFORE THE HONORABLE AMIT P. MEHTA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiffs:          Stephen K. Wirth
                             Daniel F. Jacobson
                             JACOBSON LAWYERS GROUP PLLC
                             5100 Wisconsin Avenue NW
                             Suite 301
                             Washington, D.C. 20016
                             (406) 407-6051
                             Email:
                             stephen@
                             jacobsonlawyersgroup.com

                             Kelsey McElveen
                             CITY ATTORNEY'S OFFICE
                             Civil Litigation
                             15 W. Kellogg Blvd.
                             Suite 750
                             St. Paul, MN 55102
                             (651) 266-8765
                             Email:
                             kelsey.mcelveen
                             @ci.stpaul.mn.us

For the Defendants:          Daniel Riess
                             U.S. DEPARTMENT OF JUSTICE
                             Civil Division,
                             Federal Programs Branch
                             1100 L Street NW
                             Washington, D.C. 20005
                             (202) 353-3098
                             Email: daniel.riess@usdoj.gov

APPEARANCES CONTINUED

Court Reporter:                    William P. Zaremba
                                   Registered Merit Reporter
                                   Certified Realtime Reporter
                                   Official Court Reporter
                                   E. Barrett Prettyman CH
                                   333 Constitution Avenue, NW
                                   Washington, D.C. 20001
                                   (202) 354-3249

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription

P R O C E E D I N G S

COURTROOM DEPUTY:  Good morning.  This Honorable Court is now in session; the Honorable Amit P. Mehta presiding.

Your Honor, we are now calling for the record Civil Case 25-3899, City of Saint Paul, Minnesota, versus Christopher Wright, et al.

Your Honor, present for the parties, Stephen Wirth, Daniel Jacobson, and Kelsey McElveen for the plaintiffs.

Daniel Riess for the defendant.

THE COURT:  All right.  Good morning, everyone. Thanks for the additional 15 minutes, or, I guess, half hour.  I appreciate it.

All right.  So I'm trying to figure out where we go from here.

I appreciate the parties putting together the Joint Status Report that was filed, I think, just a couple days ago.  It was very helpful.

Look, I think I sort of -- let me just give you my observations and then we can figure out where to go from here.

The first is that, in terms of the stipulation, you know, I can understand plaintiffs' position that the defendants' willingness to stipulate to -- the defendants'

proposed stipulation is not sufficient, as an evidentiary matter, to support their claims.  And I'm not pre-judging that one way or another; I can understand why they think it's not adequate.

And so in light of that, unless the defendant is prepared to and willing to reconsider the extent of the stipulation, I think the first question is sort of what the plaintiffs would like, and obviously, the defendants would like, in terms of scope of discovery and how quickly you think you can get it done.

And then, two, if we were to consolidate the hearing on the PI on the merits, what that hearing would look like and how long you all would expect it to take.

So why don't we start with plaintiffs' counsel and go from there.

MR. JACOBSON:  Yes, Your Honor.  Good morning. Daniel Jacobson for the plaintiffs.

I think, as we mentioned in our papers, Your Honor, our goal, our sort of main goal would be to ensure we're in a position to have a January rather than a March trial date just due to the exigencies faced by some of our plaintiffs.

With that in mind, you know, we are sort of willing to move as quick a pace as possible on discovery, and to keep it targeted around, you know, the

decision-making process here.  We're not planning on going on a fishing expedition into the inner boughs of the White House or anything like that.

I think what we would have in mind is probably, you know -- and it obviously depends on what the records show but probably a couple of depositions of relevant folks at DOE and maybe a 30(b)(6) witness from OMB, unless, you know, we get the name of somebody else who's highly relevant.  We're not going to try to bog down the proceedings by seeking Director Vought's deposition or anything like that.  We realize that would likely slow things down considerably.

And then document-production requests and interrogatories from there -- or before that, I guess.

And we would be prepared to, you know, get all of that done before a January date.

I think in terms of what a hearing would look like, we would be very comfortable just submitting declarations and having the Court hold a -- you know, a trial, which is essentially an argument based on the stipulated -- any stipulated facts and declarations that are submitted --

THE COURT:  So you're not --

MR. JACOBSON:  -- assuming the parties --

I'm sorry, go ahead, Your Honor.

THE COURT:  So you're not envisioning an evidentiary hearing?

MR. JACOBSON:  What I would say is, I wouldn't say difficult not -- just because we don't know what we'll find.

But we -- you know, I think assuming that defendants are willing to, you know, waive any evidentiary objections to the submission of declarations, we don't envision needing, for instance, our plaintiffs to come and testify in person for an evidentiary hearing or anything like that.

THE COURT:  Would you then -- and I suppose the defendant would have to agree to this, but would you be prepared to -- would you be -- in terms -- to the extent that you take depositions, would you just proceed on the depositions as opposed to live testimony?

MR. JACOBSON:  I would say very likely, Your Honor.

Again, I just don't want to rule out any possibility that there's one witness who we have to call because they refuse to show for their deposition or just submitted blanket objections to every question or something like that.

But assuming that we have, you know, meaningful opportunity to question witnesses at the depositions, yes, Your Honor.

8

THE COURT:  Okay.

So then I hear you saying you're not envisioning a trial per se, but what you would -- I gather what you're contemplating is essentially a trial on a stipulated record, if you will, and then arguments on that stipulated record?

Is that what I hear you saying?

MR. JACOBSON:  I think that would be the hope, Your Honor; again, with all the caveats I mentioned.

THE COURT:  Okay.  Okay.

And given what you've just described, what do you think is a realistic timetable from your perspective?

MR. JACOBSON:  I think if we had -- well, again, this is all subject to Your Honor's availability, so assuming Your Honor was available in, you know, the last ten days of January or something like that for a hearing, I think a month of discovery.  And we'll act quickly and, you know, bring any issues to your Court's attention -- to Your Honor's attention promptly.

THE COURT:  Okay.

All right.  Let me hear from Mr. Riess and what the government's thoughts are.

MR. RIESS:  Thank you, Your Honor.

So after we received the statement, we carefully reviewed it.

We want to try and reach common ground here.

And to be honest, we all really don't think we're that far apart.

And towards that end, we are prepared to submit a revised stipulation, and I can read that for the Court.

It states:

"For the purposes of this litigation, with respect to the seven financial awards at issue here in this litigation, defendants stipulate not to contest the following factual assertions."

And then there are three sentences.

Sentence 1:

"As part of a broad review process, DOE program offices made individualized determinations that a large number of awards should be terminated."

Sentence 2:

"Within this large number of awards, some of the awardees were located in blue states and some awardees were not located in blue states."

Sentence 3:

"From this large number of awards, a primary reason for the selection of which DOE grant termination decisions were included in the October 2025 notice tranche was whether the grantee was located in a blue state."

Let me just -- explanation.

The notice tranche for that is "Determination for

which termination notices were sent in October."

"Blue states" is defined the same as in our Monday filing.

THE COURT:  Sorry, could you just read the third sentence again.

MR. RIESS:  Absolutely.

"From this large number of awards, a primary reason for the selection of which DOE grant determination decisions were included in the October 25 notice tranche," that is, for which termination notices were sent in October, "was whether the grantee was located in a blue state."

THE COURT:  Okay.  Okay.

Can I ask you, Mr. Riess -- and where I had sort of left this at the end of our hearing in terms of a stipulation, at least as I had envisioned it, as a possible way to streamline things if the facts lined up, was, at least as to the equal protection claim, that the stipulation would allow me to make a decision simply based on the question of whether, one, I suppose, a political reason is a valid reason to have created these two categories, that is, blue state versus red state grantees; and then, secondly, this -- whether there is a rational basis between that kind of dual classification and the government's stated objection -- objective here, which is essentially the aligning of agency interests,

agency priorities with the grant funding.

In your estimation, would your revised stipulation allow me to essentially make factual findings that would support the first and third components of the equal protection claim, which is, one, that there, in fact, was an unequal or disparate treatment, if you will, along sort of this red state and blue state line and that the government's stated objection here is the alignment of its priorities with the grant funding?

MR. RIESS:  Yes, Your Honor, we believe that this stipulation would be sufficient to make that finding.

THE COURT:  Okay.

And then in terms of the First Amendment claim -- and let's leave aside for a moment the issue of standing and the issue of -- well, let's leave aside the issue of standing for a moment.

You know, I had sort of posited that there were sort of, I guess, two paradigms under the First Amendment that could be implicated here.

The first is sort of -- just such a viewpoint discrimination paradigm, although the viewpoint will be that of voters and not the plaintiffs.

And the second would be sort of a First Amendment retaliation paradigm, where, again, the target of the retaliation is -- or the target, the expression, I should

say, is that of voters, and it's being sort of taken out on the plaintiffs.

I think what I'm concerned about is -- at least as I understand the case law.

So, for example, say we're looking at this through a First Amendment retaliation prism, you know, the paradigming is the *Mt. Healthy* framework is that there needs to be some showing that expression or protected expression was a consideration, I don't know if "motivating factor" is the right term, in the decision-making.

And then ultimately, the defendant still has the opportunity to come forward and say, well, look, even if we did take into account the protected expression, we would have reached this decision anyway.

And so I'm wondering how you see these stipulations fitting into my ability to make determinations under both of those First Amendment paradigms.

In other words, are we in a position where I'm just going to be required to make legal determinations, or, for example, let's stick with the retaliation paradigm, might the defendants still wish to come forward and say, look, because all we've done is stipulate to primary reason, either, one, the plaintiffs have not met their burden for causation, and, two, even if they haven't met their burdens of causation -- even if they have met their burden for

causation, we can still rebut that with our own evidence or our own belief that we would have terminated these grants in any event.

I hope that's clear.

MR. RIESS:  I think so, Your Honor.

I think the basic answer to your question is, I think that this is a stipulation that's similarly sufficient for the Court to make a legal determination as to the First Amendment claim.

And I think that's because we have, you know -- we have made clear that, you know, that although there were individualized determinations as to this broader group that they should be awarded, that, you know, there -- the primary reason was because the, you know -- for this selection of the -- you know, that notice terminations would be sent October 25th was that whether they were located in a blue state.

So if the Court were to determine, as a legal matter, that, you know, for either the paradigm of viewpoint discrimination or retaliation, that that constitutes retaliation against protected speech or viewpoint discrimination against protected speech, again, you know, we aren't conceding that as a legal matter, but if the Court were to find that sufficient, it could make that legal determination.

14

Does that answer your question, Your Honor?

THE COURT:  I think so.

At least insofar as I don't hear you saying that you would still take the position, for example, in terms of a retaliation construct, that you would not seek to come back with an affirmative defense, that is, we would have terminated these anyway at these -- at this time for a valid, non-retaliatory reason.

MR. RIESS:  I think the most that we would say, Your Honor, is that, as we said in the stipulation, that prior to the determination, the announcements in October, DOE did make individualized determinations that a large number of these should be terminated.  But for purposes of announcing these specific notices in October '25, yes, the primary -- a primary reason was that they were located in blue states.  That's -- we would res suficiente that --

THE COURT:  And do you think there's a legal distinction between stipulating to a primary reason versus the primary reason?

MR. RIESS:  We don't think so, Your Honor.

We were looking at equal protection and First Amendment, and I mean, you know, those are phrased in terms of, you know, a motivating factor.

So I mean, for example, in -- you know, in an employment context, you don't need to show that the sole

reason for an adverse employment action was, you know, an illegal purpose; it can be a motivating factor.

So we think that -- no, we think that this is sufficient.

THE COURT:  Okay.

Okay.

Last question.  Then we'll turn back to plaintiffs' counsel.

Where would that then leave us with respect to the three grantees who have not been definitized, because their status, at least in terms of the stipulation, is a little unclear to me and what your positioning is as to those grantees.

MR. RIESS:  Very well.

So as far as we are -- let's see.

If the Court needs a further explanation as to what "definitize" means, we can try and do that.  We were trying to do that in the stipulation.

But as of now -- let's see -- these have not been definitized; however, DOE could still definitize these three awards.

As far as we're aware, they are still under review, no final action has been taken, and so I mean, you know, for that reason, we're in sort of a weird posture.

I mean, plaintiffs, in their stipulation, said --

I'm talking about page 5 -- if DOE has determined not to go forward with these awards, it will need to take action to close them out, including deobligating the funds, and DOE's taking these steps will be treating these awards differently from similarly situated ones.  We have made clear in our stipulation, and we stand by that, none of the funding for the ten, including the three, has been deobligated.

I mean, but -- and since there's no, you know, final action here, we could agree, you know, to continue negotiating with these three entities in good faith. You know, we think that's at most what would be necessary to close this out.

But there has been no -- they are still under review.  They could still be definitized.  And we think that they're just in a different tranche because there hasn't been any adverse treatment of, you know -- as, for example, was the case with the seven who have been terminated.

THE COURT:  What do you make of the plaintiffs' point that -- I'll get the date wrong here -- yes, January of 2025 -- well, let me back up.

So in December of 2024, according to the plaintiffs, DOE issued a notice of award.  And then in 2025, the DOE did -- then executed a cooperative agreement for each award which set forth the total obligated amount of the award underlying legal authorities.

So in your view -- is it your view that the entry of a cooperation agreement, assuming you agree that it's, in fact, accurate, does not yet make those three plaintiffs entitled to the award funding and that there's still some additional step that needs to be taken before they are actually entitled to the award?

MR. RIESS:  That is our understanding, yes, Your Honor.

I mean, to be -- to definitize the award is -- you know, there's an amount of time for when the conditions should be -- certain conditions precedent need to be satisfied or removed from the award, and these are, you know, spelled out in a terms and conditions document that's attached to an agreement.  The money is only accessible when these conditions are removed.

And it is our understanding that -- it's our understanding that with respect to these three awards, they have not been definitized, meaning these particular conditions have not been removed.  That is our understanding.

THE COURT:  And so help me understand what that means.

When you say "conditions," are they conditions that the plaintiffs, the awardees, must satisfy?  And if that's right, have they satisfied the conditions to your

knowledge and they just haven't been removed?  In other words, there's still some administrative step record for removal?  Or is it that whatever the conditions are, the plaintiffs haven't even -- awardees haven't even satisfied those conditions?

Because we are now, you know, almost 11 months removed from when the cooperative agreement was signed.

MR. RIESS:  I don't know the answer to these specific awards.

What happens is, sometimes there's additional regulatory compliance that's needed before DOE can start paying -- there needs to be sort of an environmental review.

Sometimes DOE needs to confirm that the applicant has the capabilities, the plan systems needed to comply with all the statutory requirements or regulatory requirements. And sometimes DOE just needs more detail or to work out revisions to the applicant's budget.  So it can be on, you know, on either end.

As I'm standing here today, Your Honor, I don't know the answer with respect to those three awards.  If it would be helpful to try to nail this down, I can do my best to obtain an answer, you know, by later today.

THE COURT:  Because, look, the concern I have is one of standing as to these three awardees or these three grantees.

I mean, if -- let's leave aside for the moment where they have been treated differently.  I mean, if they have not reached a point of award entitlement for whatever reason, then, you know, I have some concerns about whether they've, in fact, been injured, and so I'd like to have some understanding of that.  I guess that's one.

And then two is, again, if this is really just a function of DOE not essentially checking the boxes, that is, I think, a slightly different set of circumstances than if the plaintiffs themselves, as the grantees themselves, have not satisfied whatever condition precedence there may be to receive the award even though they've entered into a cooperative agreement.

And obviously, it's important because those are the biggest awards, I think, or at least certainly one of them is the largest award, I think, the $300 million award.  And then there's a $20 million award.  I can't remember the dollar value for the third one.

Okay.

One last question, Mr. Riess, I think I understand the answer, but let me just make sure it's clear, which is that, let's say the plaintiffs were to accept the stipulation; would the government be agreeing to consolidating a trial on the merits with the preliminary injunction?

MR. RIESS:  Your Honor, Murphy's law that the fire alarm is being announced.

AUDIO ANNOUNCEMENT:  May I have your attention please.

(Pause)

THE COURT:  All right.

Are the plaintiffs available the rest of the day --

MR. JACOBSON:  Yes, Your Honor.

THE COURT:  -- or this morning?

Mr. Riess, why don't you just contact chambers when you're back and ready to go and then we can quickly get back online.  I don't have anything else this morning.

MR. RIESS:  Sure, Your Honor.

We apologize for the interruption.

THE COURT:  Not a problem.

Okay.  Thank you.

(Recess from 11:02 a.m. to 11:32 a.m.)

COURTROOM DEPUTY:  Good morning.  This Honorable Court has reconvened; the Honorable Amit P. Mehta presiding.

Your Honor, we're now re-calling for the record Civil Case 25-389, City of Saint Paul, Minnesota, versus Christopher Wright, et al.

Your Honor, counsel previously present is present once more.

THE COURT:  Okay.

Mr. Riess, looks like you're standing there in one piece so that's good news.

I think the last -- the question I had asked you before we were interrupted by the fire alarm was whether you believe that, with the stipulation, you were consenting to consolidating a hearing on the preliminary injunction with a hearing on the merits?

MR. RIESS:  The answer is yes, Your Honor.

THE COURT:  Okay.  Great.

All right.  I'll turn to plaintiffs' counsel. Hopefully, you had some time to consult during our break and get your views on where things are.

MR. JACOBSON:  Yes, Your Honor.  Thank you.

To start with the three awards where there's this definitization issue, if it's helpful to Your Honor because Your Honor raised the question of standing.  So if it's helpful just to sort of walk through the details here a bit.

When these -- so when the notice of awards were issued in December, it's in a formal document that says Notice of Award.  And there's a box that says Amounts Obligated by this Action, meaning the issuance of the notice of an award, and that box lists the full grant amount.  So the money is then legally committed, subject to the conditions of the award, legally committed to that award.

And so if it is the case, as we allege in our complaint -- and I'll get to in a second that the Department of Energy themselves said out loud that they decided and to terminate these awards on October 2nd for the illegitimate reasons, then that would mean that the awards that we were awarded were going to be ended, meaning the notice of awards would be rescinded and the money would inexorably be deobligated after that, which we believe would clearly give us standing to challenge those awards, on the question of defin- -- so on that note, Your Honor, I would just say, you know, what Mr. Riess said today about sort of the status of those and that they're still under review and haven't been terminated is just directly contrary to what the Department of Energy itself said.

I'll just read you two sentences.  This is from their October 2nd, 2025, press release.  It's still up on the Department of Energy's website.

It says:  "The U.S. Department of Energy today announced the termination of 321 financial awards supporting 223 projects, resulting in a savings of approximately $7.56 billion for American taxpayers."

And then it says:  "DOE determined that these projects did not adequately advance the nation's energy needs," et cetera.

These three awards are among those 321 projects

23

that are described in that statement.  So they themselves said that they were terminated then.

THE COURT:  Yeah, I guess the answer is -- yes.

On the other hand, it's not clear to me their press release is a final -- I know we're not in APA land but bear with me -- that a press release is considered a final agency action, right?

So if you had received a termination letter, that would be one thing.

But if the Department of Energy is saying, as a factual matter, that these awards have not yet been terminated, then -- and that's the reason we haven't sent the letters out, whatever the press release may say, you know, ultimately it's your burden to establish standing, and that would be true sort of in the -- you know, in a final judgment stage by a preponderance of the evidence.

And, you know, we could take some or each side could present evidence that you believe would establish that you have been -- that the grant has, in fact, been terminated, but it seems to me that the record at least at this point is a little ambiguous.

MR. JACOBSON:  Understood, Your Honor.

And one idea we had, which is going to be subject to a big caveat, is if the parties end in a place where we're able to agree to a stipulation as to the other seven,

to sort of bifurcate the proceedings and issue partial judgment on those seven now and then have limited evidentiary development solely as to the issues unique to those three.

So not sort of the full panoply of the discovery I described earlier but just nailing down exactly what was decided and is the status of those three, if, you know, Your Honor believes the current record does not suffice -- we haven't met our burden for an injunction on the current record with respect to the facts there.

In terms of --

THE COURT:  If I could interrupt you.

And maybe as an evidentiary standard matter, it probably doesn't make any difference.

But remember if we're consolidating the hearing on the preliminary injunction with the merits, you know, you would be subject to a standard of by a preponderance of the evidence that would be required to enter a judgment in your favor, not just a preliminary injunction, although I think the standards are actually probably the same, but in any event, or more or less the same.

MR. JACOBSON:  Point taken, Your Honor.

THE COURT:  Yeah.

MR. JACOBSON:  Just one more factual point on these because Your Honor sort of asked what were the

definitization terms.

We don't have physical possession of the prime agreements, because, you know, Environmental Defense Fund was not the prime awardee on those.

But our understanding is that a main if not the only asserting substantive condition was for the government to confirm that the prime awardee had sufficient accounting systems in place, which we understand is a very kind of just routine thing.

There might have been other little things to check off the box that the prime awardee had to do, but that -- on our understanding, again, with the caveat that we don't have the agreements in front of us, is that was the main condition.  So it was on the government to fulfill.

THE COURT:  Okay.

And I take it, though, that -- is it accurate to say that of those three awards, no money has been drawn down by the subgrantee?

MR. JACOBSON:  No money has been drawn down by the prime awardee --

THE COURT:  Oh, the prime awardee.  Okay.

MR. JACOBSON:  -- is our understanding.

Although we also understand that that's the case, we believe, although not -- just from public data -- with the similarly situated other awards that were not on that

321 list --

THE COURT:  Okay.

MR. JACOBSON:  -- that were subject to definitization.

On the question of the stipulation that the government offered, I have not -- you know, in the time we had, I have not had a chance to consult with all the clients yet, and with Your Honor's permission, I would certainly want to get their buy-in very quickly one way or another. We can do that either by tomorrow morning or later today even.

There are a couple of issues that stand out to us, though, as potential problems with it.

One is, you know, the stipulation builds in there -- presupposes that there had already been a final decision made to terminate these awards and that the matter was mainly -- it was solely one of when notice would be provided of the terminations.

And so you can imagine a world where, you know, we win and the government says, well, the status quo ante is that these awards are still terminated, we just haven't given notice yet, which would be a Pyrrhic victory and is, I think, something we would contest, which is evidenced by the fact that the other of the 600 awards that didn't get notice still have not been terminated to this day.  So sort

of that premise of the stipulation is concerning to us.

And Mr. Riess, and we thank him, did send us the language of the stipulation so we could see it in writing, and it does very much build in that premise, that it was just a matter of providing notice.

Another issue, and this goes to Your Honor's questions on sort of a primary reason versus the primary reason versus the sole reason is that I couldn't quite tell whether government counsel today -- you asked if, does it make a difference, and I think he said "no" because the test is a sole -- is, you know, whether it was "a motivating factor."

But that's very much different than the position the government took in its brief in this case, where it asserted that *Trump v. Hawaii* had essentially changed the equal protection standard and we had to show -- it was our burden to show that there was no other conceivable contributing motivation.

And so I think certainly we would want something in writing from the government that, you know, what is their position on the legal standard in terms of is it sufficient to show that a motivating factor was an illegitimate, irrational purpose.

So that's just an issue that, because of what they said in the briefs, we don't want to get into a position

where we stipulate, then on appeal they say, well, you know, that's not the test.

THE COURT:  Right.

I mean, my understanding at the end of the day was, at least as it related to the Equal Protection Clause issue, that the sort of motivating factor really -- I mean, there's language obviously in some of the cases to that effect, but that ultimately this was ultimately, you know, a question of what's the level of scrutiny and is that level of scrutiny satisfied?  And everybody here agrees that rational basis is the level of scrutiny.

And whether it was a motivating factor, a factor, primary factor, I'm not sure any of that matters, but, again, you all can tell me if you disagree with that.  But at the end of the day, that's kind of where I thought the Supreme Court case law had landed.

MR. JACOBSON:  Yes, Your Honor.

I think where I see it mapping on is, hypothetically -- I mean, the government has not pointed to any other reason for the differential treatment to this point, but they're only willing to stipulate that this was a primary reason for the differential treatment.

But let's say hypothetically the government had said, well, there are actually two reasons for the differential treatment.

29

THE COURT:  Right.

MR. JACOBSON:  And then we would get into a question of is -- you know, as a matter of law, do we automatically lose if they have identified at least one other basis for differential treatment beyond the one that we consider to be illegitimate, and that's where we're coming from, Your Honor.

And if they're saying today, no, you don't. As long as you show that, A, primary basis was illegitimate for the differential treatment.  That suffices as a matter of law, bracketing the question of whether, in fact, it's illegitimate.  Those are very different things.

THE COURT:  Yeah.  Okay.  I see your point.

You know, at the end of the day, too, *Trump versus Hawaii* sort of comes up, of course, in a very differential context to the Executive Branch, right, in terms of immigration and admissions to the country.  So, you know, I can see why the Supreme Court language may have been a little bit more forgiving in that context than in something like this.

But in any event.

All right.  Anything else, Counsel, and we can talk about next steps?

MR. JACOBSON:  No, Your Honor.

THE COURT:  Okay.

All right.  So let's do this.  Why don't you all meet and confer, continue to talk amongst yourselves.

And do you think you can get back to me by tomorrow?

MR. JACOBSON:  Yes for the plaintiffs.

THE COURT:  Okay.

So does it make sense to just set a hearing, or do you want to just put something in writing?

MR. JACOBSON:  Very much defer to Your Honor.

We might have a better sense if a hearing is warranted after we've spoken with them.

THE COURT:  I'm sorry, say that again.

MR. JACOBSON:  We might have a better sense of whether a hearing would be warranted after we've had a chance to speak with the government and confer just to see where we are.

THE COURT:  Okay.

MR. JACOBSON:  But happy to proceed either way.

THE COURT:  Let's just go ahead and let's put something down tomorrow for 10:15 if everyone's available at that time.

MR. JACOBSON:  That works for plaintiffs.

THE COURT:  Does that work for you, Mr. Riess?

MR. RIESS:  Yes, Your Honor.

THE COURT:  Okay.  Very good.

All right.  So let's just plan to get back together tomorrow at 10:15.  We'll see where we are at that point and then we'll take it from there.

All right.  Thanks, everybody.  Enjoy the rest of your day.

MR. JACOBSON:  Thank you.

MR. RIESS:  Thank you, Your Honor.

(Proceedings concluded at 11:45 a.m.)

32

C E R T I F I C A T E

I, William P. Zaremba, RMR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-titled matter.


Date:__December 17, 2025____    _____

William P. Zaremba, RMR, CRR

AUDIO ANNOUNCEMENT:
 [1]   20/3
COURTROOM DEPUTY:
 [2]   4/2 20/19
MR. JACOBSON: [23]
5/16 6/24 7/3 7/16
8/7 8/12 20/9 21/14
23/22 24/22 24/24
25/19 25/22 26/3
28/17 29/2 29/24
30/5 30/9 30/13
30/18 30/22 31/6
MR. RIESS: [14]
8/22 10/6 11/10 13/5
14/9 14/20 15/14
17/7 18/8 20/1 20/14
21/9 30/24 31/7
THE COURT: [37]

**$**

$20 [1]   19/17
$300 [1]   19/16
$7.56 [1]   22/21
$7.56 billion [1]
 22/21

**'**

'25 [1]   14/14

**1**

10:15 [2]   30/20 31/2
10:35 [1]   1/6
11 [1]   18/6
1100 [1]   2/15
11:02 [1]   20/18
11:32 [1]   20/18
11:45 [1]   31/8
15 [2]   2/9 4/13
17 [2]   1/5 32/7

**2**

20001 [1]   3/5
20005 [1]   2/15
20016 [1]   2/4
202 [2]   2/16 3/5
2024 [1]   16/21
2025 [6]   1/5 9/22
 16/20 16/22 22/16
 32/7
223 [1]   22/20
25 [1]   10/9
25-389 [1]   20/22
25-3899 [2]   1/4 4/6
25th [1]   13/16
266-8765 [1]   2/10
2nd [2]   22/4 22/16

**3**

30 [1]   6/7
301 [1]   2/4
3098 [1]   2/16
321 [3]   22/19 22/25
 26/1
3249 [1]   3/5

333 [1]   3/4
353-3098 [1]   2/16
354-3249 [1]   3/5
389 [1]   20/22
3899 [2]   1/4 4/6

**4**

406 [1]   2/5
407-6051 [1]   2/5

**5**

5100 [1]   2/3
55102 [1]   2/10

**6**

600 [1]   26/24
6051 [1]   2/5
651 [1]   2/10

**7**

750 [1]   2/9

**8**

8765 [1]   2/10

**A**

a.m [4]   1/6 20/18
 20/18 31/8
ability [1]   12/16
able [1]   23/25
about [5]   12/3 16/1
 19/4 22/11 29/23
above [1]   32/4
above-titled [1]
 32/4
Absolutely [1]   10/6
accept [1]   19/22
accessible [1]   17/15
according [1]   16/21
account [1]   12/13
accounting [1]   25/7
accurate [2]   17/3
 25/16
act [1]   8/16
action [6]   15/1
 15/23 16/2 16/9
 21/22 23/7
actually [3]   17/6
 24/20 28/24
additional [3]   4/13
 17/5 18/10
adequate [1]   5/4
adequately [1]   22/23
administrative [1]
 18/2
admissions [1]   29/17
advance [1]   22/23
adverse [2]   15/1
 16/16
affirmative [1]   14/6
after [4]   8/23 22/8
 30/11 30/14
again [10]   7/18 8/8
 8/12 10/5 11/24
 13/22 19/7 25/12
 28/14 30/12

against [2]   13/21
 13/22
agency [3]   10/25
 11/1 23/7
agency priorities [1]
 11/1
ago [1]   4/19
agree [4]   7/12 16/9
 17/2 23/25
agreeing [1]   19/23
agreement [5]   16/23
 17/2 17/14 18/7
 19/13
agreements [2]   25/3
 25/13
agrees [1]   28/10
ahead [2]   6/25 30/19
aided [1]   3/7
al [4]   1/3 1/6 4/7
 20/23
alarm [2]   20/2 21/5
aligning [1]   10/25
alignment [1]   11/8
all [19]   4/12 4/15
 5/13 6/15 8/8 8/13
 8/20 9/1 12/22 18/15
 20/6 21/11 26/7
 28/14 29/22 30/1
 30/1 31/1 31/4
All right [2]   4/12
 29/22
allege [1]   22/1
allow [2]   10/18 11/3
almost [1]   18/6
along [1]   11/6
already [1]   26/15
also [1]   25/23
although [5]   11/21
 13/11 24/19 25/23
 25/24
ambiguous [1]   23/21
Amendment [7]   11/13
 11/18 11/23 12/6
 12/17 13/9 14/22
American [1]   22/21
AMIT [3]   1/10 4/3
 20/20
Amit P [2]   4/3 20/20
among [1]   22/25
amongst [1]   30/2
amount [3]   16/24
 17/10 21/23
Amounts [1]   21/21
announced [2]   20/2
 22/19
announcements [1]
 14/11
announcing [1]   14/14
another [3]   5/3 26/9
 27/6
answer [8]   13/6 14/1
 18/8 18/20 18/22
 19/21 21/9 23/3
ante [1]   26/20
any [11]   6/21 7/6

7/18 8/17 13/3 16/16
 24/14 24/21 28/13
 28/20 29/21
anything [5]   6/3
 6/11 7/9 20/13 29/22
anyway [2]   12/14
 14/7
APA [1]   23/5
apart [1]   9/2
apologize [1]   20/15
appeal [1]   28/1
APPEARANCES [2]   1/11
 2/18
applicant [1]   18/13
applicant's [1]
 18/17
appreciate [2]   4/14
 4/17
approximately [1]
 22/20
are [30]   4/5 5/23
 6/21 7/6 8/21 9/3
 9/10 12/18 14/22
 15/15 15/22 16/13
 17/5 17/12 17/15
 17/23 18/3 18/6
 19/14 20/7 21/13
 22/25 23/1 24/20
 26/12 26/21 28/24
 29/12 30/16 31/2
aren't [1]   13/23
argument [1]   6/20
arguments [1]   8/5
around [1]   5/25
as [39]
As long [1]   29/9
as opposed [1]   7/15
aside [3]   11/14
 11/15 19/1
ask [1]   10/13
asked [3]   21/4 24/25
 27/9
asserted [1]   27/15
asserting [1]   25/6
assertions [1]   9/9
assuming [5]   6/24
 7/5 7/23 8/14 17/2
attached [1]   17/14
attention [3]   8/17
 8/18 20/3
ATTORNEY'S [1]   2/8
authorities [1]
 16/25
automatically [1]
 29/4
availability [1]
 8/13
available [3]   8/14
 20/7 30/20
Avenue [2]   2/3 3/4
award [16]   16/22
 16/24 16/25 17/4
 17/6 17/9 17/12 19/3
 19/12 19/16 19/16
 19/17 21/21 21/23

**A**

award... [2]   21/25 21/25
awarded [2]   13/13 22/6
awardee [5]   25/4 25/7 25/11 25/20 25/21
awardees [5]   9/17 9/17 17/24 18/4 18/24
awards [26]   9/7 9/14 9/16 9/20 10/7 15/21 16/2 16/4 17/17 18/9 18/20 19/15 21/15 21/19 22/4 22/5 22/6 22/9 22/19 22/25 23/11 25/17 25/25 26/16 26/21 26/24
aware [1]   15/22

**B**

back [7]   14/6 15/7 16/20 20/12 20/13 30/3 31/1
Barrett [1]   3/4
based [2]   6/20 10/18
basic [1]   13/6
basis [4]   10/23 28/11 29/5 29/9
be [42]
bear [1]   23/6
because [15]   7/4 7/20 12/22 13/10 13/14 15/10 16/15 18/6 18/23 19/14 21/16 24/25 25/3 27/10 27/24
been [22]   15/10 15/19 15/23 16/7 16/13 16/16 16/17 17/18 17/19 18/1 19/2 19/5 22/13 23/11 23/19 23/19 25/10 25/17 25/19 26/15 26/25 29/18
before [6]   1/10 6/14 6/16 17/5 18/11 21/5
being [2]   12/1 20/2
belief [1]   13/2
believe [5]   11/10 21/6 22/8 23/18 25/24
believes [1]   24/8
best [1]   18/22
better [2]   30/10 30/13
between [2]   10/23 14/18
beyond [1]   29/5
bifurcate [1]   24/1
big [1]   23/24
biggest [1]   19/15
billion [1]   22/21
bit [2]   21/18 29/19

blanket [1]   7/21
blue [9]   9/17 9/18 9/23 10/2 10/11 10/21 11/7 13/16 14/16
Blvd [1]   2/9
bog [1]   6/9
both [1]   12/17
boughs [1]   6/2
box [3]   21/21 21/23 25/11
boxes [1]   19/8
bracketing [1]   29/11
Branch [2]   2/14 29/16
break [1]   21/12
brief [1]   27/14
briefs [1]   27/25
bring [1]   8/17
broad [1]   9/12
broader [1]   13/12
budget [1]   18/17
build [1]   27/4
builds [1]   26/14
burden [5]   12/23 12/25 23/14 24/9 27/17
burdens [1]   12/24
buy [1]   26/9
buy-in [1]   26/9

**C**

call [1]   7/19
calling [2]   4/5 20/21
can [19]   4/21 4/24 5/3 5/10 9/4 10/13 13/1 15/2 15/17 18/11 18/17 18/21 20/12 26/10 26/19 28/14 29/18 29/22 30/3
can't [1]   19/17
capabilities [1]   18/14
carefully [1]   8/23
case [8]   4/6 12/4 16/17 20/22 22/1 25/23 27/14 28/16
cases [1]   28/7
categories [1]   10/21
causation [3]   12/24 12/25 13/1
caveat [2]   23/24 25/12
caveats [1]   8/8
certain [1]   17/11
certainly [3]   19/15 26/8 27/19
Certified [1]   3/3
certify [1]   32/2
cetera [1]   22/24
CH [1]   3/4
challenge [1]   22/9
chambers [1]   20/11

chance [2]   20/7 30/15
changed [1]   27/15
check [1]   25/10
checking [1]   19/8
CHRISTOPHER [3]   1/6 4/7 20/23
ci.stpaul.mn.us [1]   2/12
circumstances [1]   19/9
CITY [4]   1/3 2/8 4/6 20/22
Civil [4]   2/8 2/14 4/6 20/22
Civil Case [1]   4/6
claim [4]   10/17 11/5 11/13 13/9
claims [1]   5/2
classification [1]   10/23
Clause [1]   28/5
clear [5]   13/4 13/11 16/5 19/21 23/4
clearly [1]   22/8
clients [1]   26/7
close [2]   16/3 16/12
COLUMBIA [1]   1/1
come [4]   7/8 12/12 12/21 14/5
comes [1]   29/15
comfortable [1]   6/18
coming [1]   29/7
committed [2]   21/24 21/25
common [1]   8/25
complaint [1]   22/2
compliance [1]   18/11
comply [1]   18/14
components [1]   11/4
computer [1]   3/7
computer-aided [1]   3/7
conceding [1]   13/23
conceivable [1]   27/17
concern [1]   18/23
concerned [1]   12/3
concerning [1]   27/1
concerns [1]   19/4
concluded [1]   31/8
condition [3]   19/11 25/6 25/14
conditions [11]   17/10 17/11 17/13 17/15 17/19 17/23 17/23 17/25 18/3 18/5 21/25
confer [2]   30/2 30/15
CONFERENCE [1]   1/9
confirm [2]   18/13 25/7
consenting [1]   21/6
consider [1]   29/6

considerably [1]   6/12
consideration [1]   12/9
considered [1]   23/6
consolidate [1]   5/11
consolidating [3]   19/24 21/7 24/15
constitutes [1]   13/20
Constitution [1]   3/4
construct [1]   14/5
consult [2]   21/12 26/7
contact [1]   20/11
contemplating [1]   8/4
contest [2]   9/8 26/23
context [3]   14/25 29/16 29/19
continue [2]   16/9 30/2
CONTINUED [1]   3/1
contrary [1]   22/13
contributing [1]   27/18
cooperation [1]   17/2
cooperative [3]   16/23 18/7 19/13
correct [1]   32/3
could [10]   10/4 11/19 13/24 15/20 16/9 16/14 23/17 23/18 24/12 27/3
couldn't [1]   27/8
counsel [6]   5/14 15/8 20/24 21/11 27/9 29/22
country [1]   29/17
couple [3]   4/18 6/6 26/12
course [1]   29/15
COURT [13]   1/1 3/2 3/3 4/3 6/19 9/4 13/8 13/18 13/23 15/16 20/20 28/16 29/18
Court's [1]   8/17
created [1]   10/20
CRR [2]   32/2 32/8
current [2]   24/8 24/9
CV [1]   1/4

**D**

D.C [4]   1/5 2/4 2/15 3/5
Daniel [5]   2/2 2/13 4/9 4/11 5/17
daniel.riess [1]   2/16
data [1]   25/24
date [4]   5/21 6/16 16/19 32/7

**D**

**day [6]**  20/8 26/25 28/4 28/15 29/14 31/5
**days [2]**  4/19 8/15
**December [4]**  1/5 16/21 21/20 32/7
**decided [2]**  22/3 24/7
**decision [5]**  6/1 10/18 12/10 12/14 26/16
**decision-making [2]**  6/1 12/10
**decisions [2]**  9/22 10/9
**declarations [3]**  6/19 6/21 7/7
**defendant [4]**  4/11 5/5 7/12 12/11
**defendants [6]**  1/7 2/13 5/8 7/6 9/8 12/21
**defendants' [2]**  4/25 4/25
**defense [2]**  14/6 25/3
**defer [1]**  30/9
**defin [1]**  22/10
**defined [1]**  10/2
**definitization [3]**  21/16 25/1 26/4
**definitize [3]**  15/17 15/20 17/9
**definitized [4]**  15/10 15/20 16/14 17/18
**deobligated [2]**  16/7 22/8
**deobligating [1]**  16/3
**DEPARTMENT [6]**  2/13 22/2 22/14 22/17 22/18 23/10
**depends [1]**  6/5
**deposition [2]**  6/10 7/20
**depositions [4]**  6/6 7/14 7/15 7/24
**described [3]**  8/10 23/1 24/6
**detail [1]**  18/16
**details [1]**  21/18
**determination [5]**  9/25 10/8 13/8 13/25 14/11
**determinations [5]**  9/13 12/16 12/19 13/12 14/12
**determine [1]**  13/18
**determined [2]**  16/1 22/22
**development [1]**  24/3
**did [5]**  12/13 14/12 16/23 22/23 27/2

**didn't [1]**  26/24
**difference [2]**  24/14 27/10
**different [4]**  16/15 19/9 27/13 29/12
**differential [6]**  28/20 28/22 28/25 29/5 29/10 29/15
**differently [2]**  16/4 19/2
**difficult [1]**  7/4
**directly [1]**  22/13
**Director [1]**  6/10
**disagree [1]**  28/14
**discovery [4]**  5/9 5/24 8/16 24/5
**discrimination [3]**  11/21 13/20 13/22
**disparate [1]**  11/6
**distinction [1]**  14/18
**DISTRICT [3]**  1/1 1/1 1/10
**Division [1]**  2/14
**do [12]**  8/10 14/17 15/17 15/18 16/18 18/21 25/11 26/10 29/3 30/1 30/3 30/7
**do you [1]**  16/18
**document [3]**  6/13 17/13 21/20
**document-production [1]**  6/13
**DOE [14]**  6/7 9/12 9/21 10/8 14/12 15/20 16/1 16/22 16/23 18/11 18/13 18/16 19/8 22/22
**DOE's [1]**  16/3
**does [7]**  14/1 17/3 24/8 27/4 27/9 30/7 30/23
**doesn't [1]**  24/14
**dollar [1]**  19/18
**don't [18]**  5/14 7/4 7/7 7/18 9/1 12/9 14/3 14/20 14/25 18/8 18/19 20/11 20/13 25/2 25/12 27/25 29/8 30/1
**done [3]**  5/10 6/16 12/22
**down [7]**  6/9 6/12 18/21 24/6 25/17 25/19 30/20
**drawn [2]**  25/17 25/19
**dual [1]**  10/23
**due [1]**  5/21
**during [1]**  21/12

**E**

**each [2]**  16/24 23/17
**earlier [1]**  24/6
**effect [1]**  28/8

**either [5]**  12/23 13/19 18/18 26/10 30/18
**else [3]**  6/8 20/13 29/22
**Email [3]**  2/5 2/11 2/16
**employment [2]**  14/25 15/1
**end [7]**  9/3 10/14 18/18 23/24 28/4 28/15 29/14
**ended [1]**  22/6
**energy [5]**  22/3 22/14 22/18 22/23 23/10
**Energy's [1]**  22/17
**Enjoy [1]**  31/4
**ensure [1]**  5/20
**enter [1]**  24/18
**entered [1]**  19/12
**entities [1]**  16/10
**entitled [2]**  17/4 17/6
**entitlement [1]**  19/3
**entry [1]**  17/1
**environmental [2]**  18/12 25/3
**envision [1]**  7/8
**envisioned [1]**  10/15
**envisioning [2]**  7/1 8/2
**equal [5]**  10/17 11/4 14/21 27/16 28/5
**essentially [6]**  6/20 8/4 10/25 11/3 19/8 27/15
**establish [2]**  23/14 23/18
**estimation [1]**  11/2
**et [5]**  1/3 1/6 4/7 20/23 22/24
**et cetera [1]**  22/24
**even [7]**  12/12 12/24 12/25 18/4 18/4 19/12 26/11
**event [3]**  13/3 24/21 29/21
**every [1]**  7/21
**everybody [2]**  28/10 31/4
**everyone [1]**  4/12
**everyone's [1]**  30/20
**evidence [4]**  13/1 23/16 23/18 24/18
**evidenced [1]**  26/23
**evidentiary [6]**  5/1 7/2 7/6 7/9 24/3 24/13
**exactly [1]**  24/6
**example [5]**  12/5 12/20 14/4 14/24 16/16
**executed [1]**  16/23
**Executive [1]**  29/16

**exigencies [1]**  5/21
**expect [1]**  5/13
**expedition [1]**  6/2
**explanation [2]**  9/24 15/16
**expression [4]**  11/25 12/8 12/8 12/13
**extent [2]**  5/6 7/13

**F**

**faced [1]**  5/21
**fact [6]**  11/5 17/3 19/5 23/19 26/24 29/11
**factor [9]**  12/9 14/23 15/2 27/12 27/22 28/6 28/12 28/12 28/13
**facts [3]**  6/21 10/16 24/10
**factual [4]**  9/9 11/3 23/11 24/24
**faith [1]**  16/10
**far [3]**  9/2 15/15 15/22
**favor [1]**  24/19
**Federal [1]**  2/14
**figure [2]**  4/15 4/21
**filed [1]**  4/18
**filing [1]**  10/3
**final [6]**  15/23 16/9 23/5 23/6 23/16 26/15
**financial [2]**  9/7 22/19
**find [2]**  7/4 13/24
**finding [1]**  11/11
**findings [1]**  11/3
**fire [2]**  20/1 21/5
**first [11]**  4/23 5/7 11/4 11/13 11/18 11/20 11/23 12/6 12/17 13/9 14/22
**First Amendment [7]**  11/13 11/18 11/23 12/6 12/17 13/9 14/22
**fishing [1]**  6/2
**fitting [1]**  12/16
**folks [1]**  6/6
**following [1]**  9/9
**foregoing [1]**  32/3
**forgiving [1]**  29/19
**formal [1]**  21/20
**forth [1]**  16/24
**forward [3]**  12/12 12/21 16/2
**framework [1]**  12/7
**front [1]**  25/13
**fulfill [1]**  25/14
**full [2]**  21/23 24/5
**function [1]**  19/8
**Fund [1]**  25/4
**funding [4]**  11/1 11/9 16/6 17/4

**F**

funds [1]   16/3
further [1]   15/16

**G**

gather [1]   8/3
get [13]   5/10 6/8
 6/15 16/19 20/12
 21/13 22/2 26/9
 26/24 27/25 29/2
 30/3 31/1
give [2]   4/20 22/8
given [2]   8/10 26/22
go [7]   4/16 4/21
 5/15 6/25 16/1 20/12
 30/19
go ahead [2]   6/25
 30/19
goal [2]   5/19 5/19
goes [1]   27/6
going [5]   6/1 6/9
 12/19 22/6 23/23
good [7]   4/2 4/12
 5/16 16/10 20/19
 21/3 30/25
Good morning [1]
 4/12
government [11]
 19/23 25/6 25/14
 26/6 26/20 27/9
 27/14 27/20 28/19
 28/23 30/15
government's [3]
 8/21 10/24 11/7
grant [6]   9/21 10/8
 11/1 11/9 21/23
 23/19
grantee [2]   9/23
 10/11
grantees [5]   10/21
 15/10 15/13 18/25
 19/10
grants [1]   13/2
Great [1]   21/10
ground [1]   8/25
group [2]   2/3 13/12
guess [5]   4/13 6/14
 11/18 19/6 23/3

**H**

had [18]   8/12 10/13
 10/15 11/17 21/4
 21/12 23/8 23/23
 25/7 25/11 26/7 26/7
 26/15 27/15 27/16
 28/16 28/23 30/14
half [1]   4/13
hand [1]   23/4
happens [1]   18/10
happy [1]   30/18
has [11]   12/11 15/23
 16/1 16/7 16/13
 18/14 20/20 23/19
 25/17 25/19 28/19
hasn't [1]   16/15

have [41]
haven't [8]   12/24
 18/1 18/4 18/4 22/12
 23/12 24/9 26/21
having [1]   6/19
Hawaii [2]   27/15
 29/15
he [1]   27/10
Healthy [1]   12/7
hear [4]   8/2 8/6
 8/20 14/3
hearing [13]   5/12
 5/12 6/17 7/2 7/9
 8/15 10/14 21/7 21/8
 24/15 30/7 30/10
 30/14
help [1]   17/21
helpful [4]   4/19
 18/21 21/16 21/18
here [13]   4/16 4/22
 6/1 8/25 9/7 10/24
 11/8 11/19 16/9
 16/19 18/19 21/18
 28/10
highly [1]   6/8
him [1]   27/2
hold [1]   6/19
honest [1]   9/1
Honor [37]
Honor's [4]   8/13
 8/18 26/8 27/6
HONORABLE [5]   1/10
 4/2 4/3 20/19 20/20
hope [2]   8/7 13/4
Hopefully [1]   21/12
hour [1]   4/14
House [1]   6/3
how [3]   5/9 5/13
 12/15
however [1]   15/20
hypothetically [2]
 28/19 28/23

**I**

I can [5]   4/24 5/3
 9/4 18/21 29/18
I couldn't [1]   27/8
I don't [4]   12/9
 14/3 18/8 18/19
I guess [4]   4/13
 6/14 11/18 19/6
I had [3]   10/13
 11/17 21/4
I have [4]   18/23
 19/4 26/6 26/7
I hope [1]   13/4
I just [1]   7/18
I know [1]   23/5
I mean [4]   15/25
 16/8 17/9 19/1
I should [1]   11/25
I think [21]   4/18
 4/20 5/7 5/18 6/4
 6/17 8/7 8/12 8/16
 12/3 13/6 13/7 13/10

have [41]   14/9 19/3 19/20 21/4
 24/20 26/23 27/10
 28/18
I understand [2]
 12/4 19/20
I would [4]   7/3 7/16
 22/10 26/8
I'd [1]   19/5
I'll [4]   16/19 21/11
 22/2 22/15
I'm [10]   4/15 5/2
 6/25 12/3 12/15
 12/19 16/1 18/19
 28/13 30/12
I'm just [1]   12/19
I'm sorry [2]   6/25
 30/12
idea [1]   23/23
identified [1]   29/4
illegal [1]   15/2
illegitimate [5]
 22/4 27/22 29/6 29/9
 29/12
imagine [1]   26/19
immigration [1]
 29/17
implicated [1]   11/19
important [1]   19/14
included [2]   9/22
 10/9
including [2]   16/3
 16/7
individualized [3]
 9/13 13/12 14/12
inexorably [1]   22/7
injunction [5]   19/25
 21/7 24/9 24/16
 24/19
injured [1]   19/5
inner [1]   6/2
insofar [1]   14/3
instance [1]   7/8
interests [1]   10/25
interrogatories [1]
 6/14
interrupt [1]   24/12
interrupted [1]   21/5
interruption [1]
 20/15
irrational [1]   27/23
is [86]
issuance [1]   21/22
issue [9]   9/7 11/14
 11/15 11/15 21/16
 24/1 27/6 27/24 28/6
issued [2]   16/22
 21/20
issues [3]   8/17 24/3
 26/12
it [40]
it probably [1]
 24/14
It states [1]   9/5
it would be [1]
 18/21

it's [13]   5/4 12/1
 17/2 17/16 19/14
 19/21 21/16 21/17
 21/20 22/16 23/4
 23/14 29/12
it's illegitimate [1]
 29/12
its [2]   11/8 27/14
itself [1]   22/14

**J**

Jacobson [4]   2/2 2/3
 4/9 5/17
jacobsonlawyersgroup.
com [1]   2/6
January [4]   5/20
 6/16 8/15 16/19
Joint [1]   4/18
Joint Status [1]
 4/18
JUDGE [1]   1/10
judging [1]   5/2
judgment [3]   23/16
 24/2 24/18
just [36]
JUSTICE [1]   2/13

**K**

keep [1]   5/25
Kellogg [1]   2/9
Kelsey [2]   2/7 4/9
kelsey.mcelveen [1]
 2/11
kind [3]   10/23 25/8
 28/15
know [58]
knowledge [1]   18/1

**L**

land [1]   23/5
landed [1]   28/16
language [3]   27/3
 28/7 29/18
large [5]   9/13 9/16
 9/20 10/7 14/12
largest [1]   19/16
last [4]   8/14 15/7
 19/20 21/4
later [2]   18/22
 26/10
law [5]   12/4 20/1
 28/16 29/3 29/11
LAWYERS [1]   2/3
least [9]   10/15
 10/17 12/3 14/3
 15/11 19/15 23/20
 28/5 29/4
leave [4]   11/14
 11/15 15/9 19/1
left [1]   10/14
legal [8]   12/19 13/8
 13/18 13/23 13/24
 14/17 16/25 27/21
legally [2]   21/24
 21/25
less [1]   24/21

**L**

let [5]    4/20 8/20 9/24 16/20 19/21
let's [12]    11/14 11/15 12/20 15/15 15/19 19/1 19/22 28/23 30/1 30/19 30/19 31/1
let's see [2]    15/15 15/19
letter [1]    23/8
letters [1]    23/13
level [3]    28/9 28/9 28/11
light [1]    5/5
like [12]    5/8 5/9 5/13 6/3 6/11 6/18 7/10 7/22 8/15 19/5 21/2 29/20
likely [2]    6/11 7/16
limited [1]    24/2
line [1]    11/7
lined [1]    10/16
list [1]    26/1
lists [1]    21/23
litigation [3]    2/8 9/6 9/8
little [4]    15/11 23/21 25/10 29/19
live [1]    7/15
located [6]    9/17 9/18 9/23 10/11 13/16 14/15
long [2]    5/13 29/9
look [6]    4/20 5/13 6/17 12/12 12/22 18/23
looking [2]    12/5 14/21
looks [1]    21/2
lose [1]    29/4
loud [1]    22/3

**M**

made [4]    9/13 13/11 16/5 26/16
main [3]    5/19 25/5 25/13
mainly [1]    26/17
make [14]    10/18 11/3 11/11 12/16 12/19 13/8 13/24 14/12 16/18 17/3 19/21 24/14 27/10 30/7
making [2]    6/1 12/10
mapping [1]    28/18
March [1]    5/21
matter [10]    5/2 13/19 13/23 23/11 24/13 26/16 27/5 29/3 29/10 32/4
matters [1]    28/13
may [4]    19/11 20/3 23/13 29/18
maybe [2]    6/7 24/13

McElveen [2]    2/7 4/9
me [14]    4/20 8/20 9/24 10/18 11/3 15/12 16/20 17/21 19/21 23/4 23/6 23/20 28/14 30/3
mean [12]    14/22 14/24 15/23 15/25 16/8 17/9 19/1 19/2 22/5 28/4 28/6 28/19
meaning [3]    17/18 21/22 22/6
meaningful [1]    7/23
means [2]    15/17 17/22
mechanical [1]    3/6
meet [1]    30/2
MEHTA [3]    1/10 4/3 20/20
mentioned [2]    5/18 8/8
Merit [1]    3/2
merits [4]    5/12 19/24 21/8 24/16
met [4]    12/23 12/24 12/25 24/9
might [4]    12/21 25/10 30/10 30/13
million [2]    19/16 19/17
mind [2]    5/23 6/4
MINNESOTA [3]    1/3 4/6 20/22
minutes [1]    4/13
MN [1]    2/10
moment [3]    11/14 11/16 19/1
Monday [1]    10/2
money [5]    17/14 21/24 22/7 25/17 25/19
month [1]    8/16
months [1]    18/6
more [5]    18/16 20/25 24/21 24/24 29/19
morning [7]    4/2 4/12 5/16 20/10 20/13 20/19 26/10
most [2]    14/9 16/11
motivating [7]    12/9 14/23 15/2 27/11 27/22 28/6 28/12
motivation [1]    27/18
move [1]    5/24
Mr. [8]    8/20 10/13 19/20 20/11 21/2 22/11 27/2 30/23
Mr. Riess [8]    8/20 10/13 19/20 20/11 21/2 22/11 27/2 30/23
Mt [1]    12/7
much [3]    27/4 27/13 30/9
Murphy's [1]    20/1

must [1]    17/24
my [4]    4/20 12/16 18/21 28/4

**N**

nail [1]    18/21
nailing [1]    24/6
name [1]    6/8
nation's [1]    22/23
necessary [1]    16/11
need [3]    14/25 16/2 17/11
needed [2]    18/11 18/14
needing [1]    7/8
needs [7]    12/7 15/16 17/5 18/12 18/13 18/16 22/24
negotiating [1]    16/10
news [1]    21/3
next [1]    29/23
no [11]    1/4 15/3 15/23 16/8 16/13 25/17 25/19 27/10 27/17 29/8 29/24
non [1]    14/8
non-retaliatory [1]    14/8
none [1]    16/6
not [41]
note [1]    22/10
notice [13]    9/22 9/25 10/9 13/15 16/22 21/19 21/21 21/22 22/6 26/17 26/22 26/25 27/5
notices [3]    10/1 10/10 14/14
now [6]    4/3 4/5 15/19 18/6 20/21 24/2
number [5]    9/14 9/16 9/20 10/7 14/13
NW [3]    2/3 2/15 3/4

**O**

objection [2]    10/24 11/8
objections [2]    7/7 7/21
objective [1]    10/24
obligated [2]    16/24 21/22
observations [1]    4/21
obtain [1]    18/22
obviously [4]    5/8 6/5 19/14 28/7
October [9]    9/22 10/1 10/9 10/10 13/16 14/11 14/14 22/4 22/16
off [1]    25/11
offered [1]    26/6

OFFICE [1]    2/8
offices [1]    9/13
Official [1]    3/3
Oh [1]    25/21
Okay [21]    8/1 8/9 8/9 8/19 10/12 10/12 11/12 15/5 15/6 19/19 20/17 21/1 21/10 25/15 25/21 26/2 29/13 29/25 30/6 30/17 30/25
OMB [1]    6/7
once [1]    20/25
one [19]    5/3 7/19 10/19 11/5 12/23 18/24 19/6 19/15 19/18 19/20 21/2 23/9 23/23 24/24 26/9 26/14 26/17 29/4 29/5
ones [1]    16/5
online [1]    20/13
only [3]    17/14 25/6 28/21
opportunity [2]    7/24 12/12
opposed [1]    7/15
other [10]    12/18 18/1 23/4 23/25 25/10 25/25 26/24 27/17 28/20 29/5
our [21]    5/18 5/19 5/19 5/22 7/8 10/2 10/14 13/1 13/2 16/5 17/7 17/16 17/16 17/19 21/12 22/1 24/9 25/5 25/12 25/22 27/16
out [11]    4/15 4/21 7/18 12/1 16/3 16/12 17/13 18/16 22/3 23/13 26/12
own [2]    13/1 13/2

**P**

pace [1]    5/24
page [1]    16/1
page 5 [1]    16/1
panoply [1]    24/5
papers [1]    5/18
paradigm [4]    11/21 11/24 12/20 13/19
paradigming [1]    12/7
paradigms [2]    11/18 12/17
part [1]    9/12
partial [1]    24/1
particular [1]    17/18
parties [4]    4/8 4/17 6/24 23/24
PAUL [4]    1/3 2/10 4/6 20/22
Pause [1]    20/5
paying [1]    18/12
per [1]    8/3

**P**

permission [1]   26/8
person [1]   7/9
perspective [1]   8/11
phrased [1]   14/22
physical [1]   25/2
PI [1]   5/12
piece [1]   21/3
place [2]   23/24 25/8
plaintiffs [20]   1/4
 2/2 4/10 5/8 5/17
 5/22 7/8 11/22 12/2
 12/23 15/25 16/22
 17/3 17/24 18/4
 19/10 19/22 20/7
 30/5 30/22
plaintiffs' [5]   4/24
 5/14 15/8 16/18
 21/11
plan [2]   18/14 31/1
planning [1]   6/1
please [1]   20/4
PLLC [1]   2/3
point [8]   16/19 19/3
 23/21 24/22 24/24
 28/21 29/13 31/3
pointed [1]   28/19
political [1]   10/19
posited [1]   11/17
position [7]   4/24
 5/20 12/18 14/4
 27/13 27/21 27/25
positioning [1]
 15/12
possession [1]   25/2
possibility [1]   7/19
possible [2]   5/24
 10/15
posture [1]   15/24
potential [1]   26/13
pre [1]   5/2
pre-judging [1]   5/2
precedence [1]   19/11
precedent [1]   17/11
preliminary [4]
 19/24 21/7 24/16
 24/19
premise [2]   27/1
 27/4
prepared [4]   5/6
 6/15 7/13 9/3
preponderance [2]
 23/16 24/17
present [4]   4/8
 20/24 20/24 23/18
presiding [2]   4/4
 20/20
press [4]   22/16 23/5
 23/6 23/13
presupposes [1]
 26/15
Prettyman [1]   3/4
previously [1]   20/24
primary [13]   9/20
 10/7 12/22 13/13

14/15 14/15 14/18
 14/19 27/7 27/7
 28/13 28/22 29/9
prime [6]   25/3 25/4
 25/7 25/11 25/20
 25/21
prime agreements [1]
 25/3
prior [1]   14/11
priorities [2]   11/1
 11/8
prism [1]   12/6
probably [4]   6/4 6/6
 24/14 24/20
problem [1]   20/16
problems [1]   26/13
proceed [2]   7/14
 30/18
proceedings [6]   1/9
 3/6 6/10 24/1 31/8
 32/4
process [2]   6/1 9/12
produced [1]   3/7
production [1]   6/13
program [1]   9/12
Programs [1]   2/14
projects [3]   22/20
 22/23 22/25
promptly [1]   8/18
proposed [1]   5/1
protected [4]   12/8
 12/13 13/21 13/22
protection [5]   10/17
 11/5 14/21 27/16
 28/5
provided [1]   26/18
providing [1]   27/5
public [1]   25/24
purpose [2]   15/2
 27/23
purposes [2]   9/6
 14/13
put [2]   30/8 30/19
putting [1]   4/17
Pyrrhic [1]   26/22

**Q**

question [15]   5/7
 7/21 7/24 10/19 13/6
 14/1 15/7 19/20 21/4
 21/17 22/9 26/5 28/9
 29/3 29/11
questions [1]   27/7
quick [1]   5/24
quickly [4]   5/9 8/16
 20/12 26/9
quite [1]   27/8
quo [1]   26/20

**R**

raised [1]   21/17
rather [1]   5/20
rational [2]   10/22
 28/11
re [1]   20/21

re-calling [1]   20/21
reach [1]   8/25
reached [2]   12/14
 19/3
read [3]   9/4 10/4
 22/15
ready [1]   20/12
realistic [1]   8/11
realize [1]   6/11
really [3]   9/1 19/7
 28/6
Realtime [1]   3/3
reason [19]   9/21
 10/8 10/20 10/20
 12/22 13/14 14/8
 14/15 14/18 14/19
 15/1 15/24 19/4
 23/12 27/7 27/8 27/8
 28/20 28/22
reasons [2]   22/5
 28/24
rebut [1]   13/1
receive [1]   19/12
received [2]   8/23
 23/8
Recess [1]   20/18
reconsider [1]   5/6
reconvened [1]   20/20
record [9]   4/5 8/4
 8/5 18/2 20/21 23/20
 24/8 24/10 32/3
recorded [1]   3/6
records [1]   6/5
red [2]   10/21 11/7
refuse [1]   7/20
Registered [1]   3/2
regulatory [2]   18/11
 18/15
related [1]   28/5
release [4]   22/16
 23/5 23/6 23/13
relevant [2]   6/6 6/9
remember [2]   19/17
 24/15
removal [1]   18/3
removed [5]   17/12
 17/15 17/19 18/1
 18/7
Report [1]   4/18
Reporter [4]   3/2 3/2
 3/3 3/3
requests [1]   6/13
required [2]   12/19
 24/18
requirements [2]
 18/15 18/15
res [1]   14/16
rescinded [1]   22/7
respect [5]   9/6 15/9
 17/17 18/20 24/10
rest [2]   20/7 31/4
resulting [1]   22/20
retaliation [7]
 11/24 11/25 12/6
 12/20 13/20 13/21

retaliatory [1]   14/8
review [5]   9/12
 15/23 16/14 18/12
 22/12
reviewed [1]   8/24
revised [2]   9/4 11/2
revisions [1]   18/17
Riess [10]   2/13 4/11
 8/20 10/13 19/20
 20/11 21/2 22/11
 27/2 30/23
right [15]   4/12 4/15
 8/20 12/10 17/25
 20/6 21/11 23/7 28/3
 29/1 29/16 29/22
 30/1 31/1 31/4
RMR [2]   32/2 32/8
routine [1]   25/9
rule [1]   7/18

**S**

said [9]   14/10 15/25
 22/3 22/11 22/14
 23/2 27/10 27/25
 28/24
SAINT [3]   1/3 4/6
 20/22
same [3]   10/2 24/20
 24/21
satisfied [5]   17/12
 17/25 18/4 19/11
 28/10
satisfy [1]   17/24
savings [1]   22/20
say [16]   7/3 7/3
 7/16 12/1 12/5 12/12
 12/21 14/9 17/23
 19/22 22/10 23/13
 25/17 28/1 28/23
 30/12
saying [5]   8/2 8/6
 14/3 23/10 29/8
says [5]   21/20 21/21
 22/18 22/22 26/20
scope [1]   5/9
scrutiny [3]   28/9
 28/10 28/11
se [1]   8/3
second [2]   11/23
 22/2
secondly [1]   10/22
see [9]   12/15 15/15
 15/19 27/3 28/18
 29/13 29/18 30/15
 31/2
seek [1]   14/5
seeking [1]   6/10
seems [1]   23/20
selection [3]   9/21
 10/8 13/14
send [1]   27/2
sense [3]   30/7 30/10
 30/13
sent [4]   10/1 10/10

**S**

sent... [2]   13/15 23/12

sentence [4]   9/11 9/15 9/19 10/5

sentences [2]   9/10 22/15

session [1]   4/3

set [3]   16/24 19/9 30/7

seven [4]   9/7 16/17 23/25 24/2

should [5]   9/14 11/25 13/13 14/13 17/11

show [7]   6/6 7/20 14/25 27/16 27/17 27/22 29/9

showing [1]   12/8

side [1]   23/17

signed [1]   18/7

similarly [3]   13/7 16/5 25/25

simply [1]   10/18

since [1]   16/8

situated [2]   16/5 25/25

slightly [1]   19/9

slow [1]   6/11

so [42]

sole [3]   14/25 27/8 27/11

solely [2]   24/3 26/17

some [11]   5/21 9/16 9/17 12/8 17/4 18/2 19/4 19/5 21/12 23/17 28/7

somebody [1]   6/8

something [7]   7/21 8/15 26/23 27/19 29/19 30/8 30/20

sometimes [3]   18/10 18/13 18/16

sorry [3]   6/25 10/4 30/12

sort [23]   4/20 5/7 5/19 5/23 10/13 11/6 11/17 11/18 11/20 11/23 12/1 15/24 18/12 21/18 22/11 23/15 24/1 24/5 24/25 26/25 27/7 28/6 29/15

speak [1]   30/15

specific [2]   14/14 18/9

speech [2]   13/21 13/22

spelled [1]   17/13

spoken [1]   30/11

St [1]   2/10

stage [1]   23/16

stand [2]   16/6 26/12

standard [4]   24/13

standards [1]   24/20

standing [8]   11/14 11/16 18/19 18/24 21/2 21/17 22/9 23/14

start [3]   5/14 18/11 21/15

state [7]   9/23 10/11 10/21 10/21 11/7 11/7 13/17

stated [2]   10/24 11/8

statement [2]   8/23 23/1

states [7]   1/1 1/10 9/5 9/17 9/18 10/2 14/16

status [6]   1/9 4/18 15/11 22/11 24/7 26/20

statutory [1]   18/15

stenography [1]   3/6

step [2]   17/5 18/2

stephen [3]   2/2 2/6 4/9

Stephen Wirth [1]   4/9

steps [2]   16/4 29/23

stick [1]   12/20

still [14]   12/11 12/21 13/1 14/4 15/20 15/22 16/13 16/14 17/4 18/2 22/12 22/16 26/21 26/25

stipulate [5]   4/25 9/8 12/22 28/1 28/21

stipulated [4]   6/21 6/21 8/4 8/5

stipulating [1]   14/18

stipulation [21]   4/23 5/1 5/7 9/4 10/15 10/18 11/2 11/11 13/7 14/10 15/11 15/18 15/25 16/6 19/23 21/6 23/25 26/5 26/14 27/1 27/3

stipulations [1]   12/16

streamline [1]   10/16

Street [1]   2/15

subgrantee [1]   25/18

subject [5]   8/13 21/24 23/23 24/17 26/3

submission [1]   7/7

submit [1]   9/3

submitted [2]   6/22 7/21

submitting [1]   6/18

substantive [1]   25/6

such [1]   11/20

suffice [1]   24/8

suffices [1]   29/10

sufficient [7]   5/1 11/11 13/8 13/24 15/4 25/7 27/21

suficiente [1]   14/16

Suite [2]   2/4 2/9

support [2]   5/2 11/4

supporting [1]   22/19

suppose [2]   7/11 10/19

Supreme [2]   28/16 29/18

Supreme Court [2]   28/16 29/18

sure [3]   19/21 20/14 28/13

systems [2]   18/14 25/8

**T**

take [8]   5/13 7/14 12/13 14/4 16/2 23/17 25/16 31/3

taken [4]   12/1 15/23 17/5 24/22

taking [1]   16/4

talk [2]   29/23 30/2

talking [1]   16/1

target [2]   11/24 11/25

targeted [1]   5/25

taxpayers [1]   22/21

tell [2]   27/8 28/14

ten [2]   8/15 16/7

ten days [1]   8/15

term [1]   12/10

terminate [2]   22/4 26/16

terminated [11]   9/14 13/2 14/7 14/13 16/17 22/13 23/2 23/12 23/20 26/21 26/25

termination [5]   9/21 10/1 10/10 22/19 23/8

terminations [2]   13/15 26/18

terms [14]   4/23 5/9 6/17 7/13 10/14 11/13 14/4 14/23 15/11 17/13 24/11 25/1 27/21 29/16

test [2]   27/10 28/2

testify [1]   7/9

testimony [1]   7/15

than [4]   5/20 19/9 27/13 29/19

thank [6]   8/22 20/17 21/14 27/2 31/6 31/7

Thank you [5]   8/22 20/17 21/14 31/6 31/7

Thanks [2]   4/13 31/4

that [167]

that's [17]   13/4 13/7 13/10 14/16 16/11 17/14 17/25 18/11 19/6 21/3 23/12 25/23 27/13 27/24 28/2 28/15 29/6

their [11]   5/2 7/20 12/23 12/24 12/25 15/10 15/25 22/16 23/4 26/9 27/20

them [3]   16/3 19/16 30/11

themselves [4]   19/10 19/10 22/3 23/1

then [27]   4/21 5/11 6/13 7/11 8/2 8/5 9/10 10/22 11/13 12/11 15/7 15/9 16/22 16/23 19/4 19/7 19/17 20/12 21/24 22/5 22/22 23/2 23/12 24/2 28/1 29/2 31/3

there [22]   5/15 6/14 9/10 10/22 11/5 11/17 12/7 13/11 13/13 16/13 16/15 18/12 19/11 21/2 24/10 25/10 26/12 26/15 26/15 27/17 28/24 31/3

there's [11]   7/19 14/17 16/8 17/4 17/10 18/2 18/10 19/17 21/15 21/21 28/7

these [28]   10/20 12/15 13/2 14/7 14/7 14/13 14/14 15/19 15/20 16/2 16/4 16/4 16/10 17/12 17/15 17/17 17/18 18/8 18/24 18/24 21/19 22/4 22/22 22/25 23/11 24/25 26/16 26/21

they [23]   5/3 7/20 12/24 12/25 13/13 13/16 14/15 15/22 16/13 16/14 17/5 17/17 17/23 17/25 18/1 19/2 19/2 22/3 23/1 23/2 27/24 28/1 29/4

they're [4]   16/15 22/12 28/21 29/8

they've [2]   19/5 19/12

thing [2]   23/9 25/9

things [5]   6/12 10/16 21/13 25/10 29/12

think [38]

**T**

**third [3]**  10/4 11/4 19/18
**this [37]**
**those [16]**  12/17 14/22 15/12 17/3 18/5 18/20 19/14 22/9 22/12 22/25 24/2 24/4 24/7 25/4 25/17 29/12
**though [3]**  19/12 25/16 26/13
**thought [1]**  28/15
**thoughts [1]**  8/21
**three [15]**  9/10 15/10 15/20 16/7 16/10 17/3 17/17 18/20 18/24 18/24 21/15 22/25 24/4 24/7 25/17
**through [2]**  12/5 21/18
**time [5]**  14/7 17/10 21/12 26/6 30/21
**timetable [1]**  8/11
**titled [1]**  32/4
**today [7]**  18/19 18/22 22/11 22/18 26/10 27/9 29/8
**together [2]**  4/17 31/2
**tomorrow [4]**  26/10 30/4 30/20 31/2
**too [1]**  29/14
**took [1]**  27/14
**total [1]**  16/24
**towards [1]**  9/3
**tranche [4]**  9/22 9/25 10/9 16/15
**transcript [3]**  1/9 3/6 32/3
**transcription [1]**  3/7
**treated [1]**  19/2
**treating [1]**  16/4
**treatment [7]**  11/6 16/16 28/20 28/22 28/25 29/5 29/10
**trial [5]**  5/21 6/20 8/3 8/4 19/24
**true [1]**  23/15
**Trump [2]**  27/15 29/14
**try [4]**  6/9 8/25 15/17 18/21
**trying [2]**  4/15 15/18
**turn [2]**  15/7 21/11
**two [7]**  5/11 10/20 11/18 12/24 19/7 22/15 28/24

**U**

**U.S [2]**  2/13 22/18
**ultimately [4]**  12/11

23/14 28/8 28/8
**unclear [1]**  15/12
**under [5]**  11/18 12/17 15/22 16/13 22/12
**underlying [1]**  16/25
**understand [7]**  4/24 5/3 12/4 17/21 19/20 25/8 25/23
**understanding [9]**  17/7 17/16 17/17 17/20 19/6 25/5 25/12 25/22 28/4
**Understood [1]**  23/22
**unequal [1]**  11/6
**unique [1]**  24/3
**UNITED [2]**  1/1 1/10
**unless [2]**  5/5 6/7
**up [4]**  10/16 16/20 22/16 29/15
**us [6]**  15/9 22/9 25/13 26/12 27/1 27/2
**usdoj.gov [1]**  2/16

**V**

**valid [2]**  10/20 14/8
**value [1]**  19/18
**versus [7]**  4/6 10/21 14/18 20/22 27/7 27/8 29/14
**very [12]**  4/19 6/18 7/16 15/14 25/8 26/9 27/4 27/13 29/12 29/15 30/9 30/25
**VIA [1]**  1/9
**victory [1]**  26/22
**view [2]**  17/1 17/1
**viewpoint [4]**  11/20 11/21 13/19 13/21
**views [1]**  21/13
**voters [2]**  11/22 12/1
**Vought's [1]**  6/10
**vs [1]**  1/5

**W**

**waive [1]**  7/6
**walk [1]**  21/18
**want [6]**  7/18 8/25 26/9 27/19 27/25 30/8
**warranted [2]**  30/11 30/14
**was [34]**
**Washington [4]**  1/5 2/4 2/15 3/5
**way [4]**  5/3 10/16 26/9 30/18
**we [83]**
**we believe [3]**  11/10 22/8 25/24
**we have [1]**  13/11
**we would [1]**  6/18
**we'll [5]**  7/4 8/16

**we're [12]**  5/20 6/1 6/9 9/1 12/5 15/22 15/24 20/21 23/5 23/25 24/15 29/6
**we've [3]**  12/22 30/11 30/14
**website [1]**  22/17
**weird [1]**  15/24
**well [8]**  8/12 11/15 12/12 15/14 16/20 26/20 28/1 28/24
**were [25]**  5/11 9/17 9/17 9/22 10/1 10/9 10/10 11/17 13/11 13/16 13/18 13/24 14/15 14/21 15/17 19/22 21/5 21/6 21/19 22/5 22/6 23/2 24/25 25/25 26/3
**what [26]**  5/7 5/12 6/4 6/5 6/17 7/3 7/4 8/3 8/3 8/6 8/10 8/10 8/20 12/3 15/12 15/17 16/11 16/18 17/21 18/10 22/11 22/13 24/6 24/25 27/20 27/24
**what's [1]**  28/9
**whatever [4]**  18/3 19/3 19/11 23/13
**when [8]**  17/10 17/15 17/23 18/7 20/12 21/19 21/19 26/17
**where [18]**  4/15 4/21 10/13 11/24 12/18 15/9 19/2 21/13 21/15 23/24 26/19 27/14 28/1 28/15 28/18 29/6 30/16 31/2
**whether [12]**  9/23 10/11 10/19 10/22 13/16 19/4 21/5 27/9 27/11 28/12 29/11 30/14
**which [14]**  6/20 9/21 10/1 10/8 10/10 10/24 11/5 16/24 19/21 22/8 23/23 25/8 26/22 26/23
**White [1]**  6/2
**who [3]**  7/19 15/10 16/17
**who's [1]**  6/8
**why [5]**  5/3 5/14 20/11 29/18 30/1
**will [5]**  8/5 11/6 11/21 16/2 16/4
**William [3]**  3/2 32/2 32/8
**willing [4]**  5/6 5/24 7/6 28/21
**willingness [1]**  4/25
**win [1]**  26/20

**with [2]**  2/2 4/9
**Wisconsin [1]**  2/3
**wish [1]**  12/21
**Within [1]**  9/16
**witness [2]**  6/7 7/19
**witnesses [1]**  7/24
**wondering [1]**  12/15
**words [2]**  12/18 18/2
**work [2]**  18/16 30/23
**works [1]**  30/22
**world [1]**  26/19
**would [53]**
**wouldn't [1]**  7/3
**WRIGHT [3]**  1/6 4/7 20/23
**writing [3]**  27/3 27/20 30/8
**wrong [1]**  16/19

**Y**

**Yeah [3]**  23/3 24/23 29/13
**yes [13]**  5/16 7/24 11/10 14/14 16/19 17/7 20/9 21/9 21/14 23/3 28/17 30/5 30/24
**yet [4]**  17/3 23/11 26/8 26/22
**you [106]**
**you know [44]**
**you would [1]**  24/17
**you're [6]**  6/23 7/1 8/2 8/3 20/12 21/2
**you've [1]**  8/10
**your [57]**
**Your Honor [36]**
**Your Honor's [3]**  8/13 26/8 27/6
**yourselves [1]**  30/2

**Z**

**Zaremba [3]**  3/2 32/2 32/8
**ZOOM [1]**  1/9