## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

CITY OF SAINT PAUL, MINNESOTA, *et al.*,

       *Plaintiffs*,

   v.

CHRISTOPHER WRIGHT, in his official capacity
as Secretary of Energy, *et al.*,

       *Defendants*.

---

Case No. 25-cv-3899

## PLAINTIFFS' RESPONSE TO DEFENDANTS' UNILATERAL STIPULATION

Plaintiffs respectfully submit this response to Defendants' unilateral "stipulation" submitted to the Court earlier today.

As set forth in more detail below, Plaintiffs have made every effort since yesterday's hearing to work with the government to carry out the Court's direction to prepare a written stipulation reflecting the facts agreed upon or not disputed during the hearings held on December 17 and 18. The government, however, has taken the position that the Court "approved" and gave its "imprimatur" to the two sentences that the government proposed at the start of the December 17 hearing, and that the stipulation therefore was "locked" and could not be changed in any material way. The government thus insisted that the factual stipulation could not be altered to reflect the factual representations that Defendants' counsel made or agreed with at yesterday's hearing. The government also refused to alter the preamble language to its stipulation stating that the two sentences are "stipulated" "factual assertions" that Defendants do "not contest," even though these are Defendants' factual assertions, not Plaintiffs', and they contain statements of fact that Plaintiffs do not agree are accurate.

DOE's actions have been equally disconcerting with respect to a separate stipulation that the parties are negotiating for a possible stipulated voluntary dismissal of Plaintiffs' claims related to the three non-definitized awards. A key representation that government counsel made in court was that these awards "could still be definitized." Twice, Plaintiffs sought to add this language to the stipulation, and both times Defendants removed it without explanation. When Plaintiffs today sought to add similar language a third time and explained why it was important, the government informed Plaintiffs that DOE was not prepared to agree to this basic factual representation. That raised a red flag for Plaintiffs more broadly, since it seemingly reflected that DOE does not consider itself necessarily bound by the factual representations its counsel has made in Court. Later in the day, the government followed up that DOE was willing to agree to

language similar to, but not the same as, the language that counsel used in court. That only reinforces for Plaintiffs the need for stipulated, precise, and written facts to which the parties agree to be bound, if Plaintiffs are to agree to forgo discovery.

Plaintiffs continue to be willing to reach a written stipulation that would permit prompt resolution of the merits, but especially in light of the developments described herein, Plaintiffs cannot consent to forgo discovery based only on counsel's verbal factual representations—or non-disagreement with statements that the Court or Plaintiffs' counsel made—at the hearings. And Plaintiffs cannot agree to any written stipulation that contains factual components that Plaintiffs do not believe are accurate and that may prejudice Plaintiffs in the future.

Because it is apparent that the government will not move from its position that the stipulation is "locked" absent direction from the Court, Plaintiffs respectfully propose one of two paths ahead: (1) the Court order Defendants to reduce to writing a stipulation containing the facts agreed upon or not disputed at the December 17 and 18 hearings, and to make clear that the factual assertions with which Plaintiffs do not agree are made by Defendants only; or (2) the Court enter a discovery schedule and set a hearing date in January, in lieu of further efforts to reach a stipulation. In either scenario, Plaintiffs also respectfully request that the Court enter a tentative discovery schedule now, so that the delay caused by Defendants' actions does not prejudice Plaintiffs' ability to obtain a January hearing on the merits if necessary.

**A.  Events Since December 18, 2025 Hearing**

At the conclusion of yesterday's hearing, Plaintiffs' understanding was that the Court had directed the parties to submit a written stipulation reflecting the statements and facts agreed-upon by the parties and the Court over the course of the hearing. *See* 12/19/25 Hr'g Tr. at 24:4-10 (attached as Exhibit A) (the Court stating that "we've sort of reached a point where we're all in agreement and understanding in terms of what the potential facts are," and asking Plaintiffs if

they were "prepared to commit this to writing and go from there"); *id.* at 26:12-14 (similar).

Based on this understanding, shortly after the hearing, Plaintiffs sent Defendants a proposed stipulation that reduced to writing certain key facts from the hearing. In response, Defendants stated that they were not willing to make any changes to the proposed two sentences that government counsel read early during the hearing yesterday, which Plaintiffs previously and Plaintiffs had rejected. Ex. B (12/18/25 4:56 p.m. email from Riess); *see* Ex. A. at 11:16-12:11. Defendants claimed that "the Court gave its imprimatur" to—and had in fact "approved"—Defefendants' proposed language. Ex. B (12/18/25 4:56 p.m. email from Riess). Defendants further asserted that "this stipulation [was] substantively locked" and they would not consider any substantive changes, including to memorialize facts agreed upon at the hearing. *Id.*

After some back and forth between counsel, Plaintiffs made an alternative proposal to accommodate Defendants' position without the need to engage the Court's assistance. Ex. C (12/18/25 10:55 p.m. email from Jacobson). First, Plaintiffs asked that the title "Stipulation" be changed to say "Defendants' Statement," and that the first sentence be changed to no longer say that "Defendants stipulate not to contest the following factual assertions." As Plaintiffs explained, the term "Stipulation" suggests an agreement between the parties, but there are factual components of Defendants' proposed language that Plaintiffs do not agree are accurate.[1] Indeed, Defendants' phrasing suggests that these are "factual assertions" by someone else, perhaps Plaintiffs, that Defendants will just not "contest." But these are Defendants' own factual assertions, not Plaintiffs'.

Of particular importance, Plaintiffs noted in their counter-proposal that they do not agree that: (1) the federal government made a final decision to terminate the relevant awards prior to

---

[1] Black's Law, Stipulation (defining as "[a] voluntary agreement between opposing parties concerning some relevant point").

October 2025, and that the October 2025 termination letters only were a "notice tranche" of final decisions previously made; and (2) the residence of awardees in a state that voted for the Democratic candidates in the most recent presidential and senatorial elections was only "a primary reason," and not the sole reason, why such awards were terminated in October 2025 while similarly situated awards were not. Although Plaintiffs recognize that, as the Court stated at yesterday's hearing, it may not be necessary to resolve these disputed factual questions to resolve Plaintiffs' constitutional claims or provide a complete remedy for those claims, Plaintiffs simply cannot "stipulate" to facts that they do not agree are accurate and may prejudice Plaintiffs in the future.

Plaintiffs proposed that the submission also include a section for "Plaintiffs' Statement," in which Plaintiffs could state the facts and statements agreed-upon or not disputed at the hearing upon which Plaintiffs were relying in agreeing to forgo discovery and to consolidate the preliminary injunction proceedings with trial on the merits.

Defendants responded to Plaintiffs' proposal this morning, reiterating their position that "the Court has approved" their language and no material changes could be made. Ex. C (12/19/25 11:56 a.m. email from Riess).

Separately from the stipulation under consideration for the seven awards that had been definitized, the parties have been negotiating a stipulated voluntary dismissal of Plaintiffs' claims regarding the three non-definitized awards, based on factual representations that counsel made about those awards at the December 17 hearing. Counsel represented at the December 17 hearing, among other things, that these awards "could still be definitized." 12/17/25 Hr'g Tr. at 16:14 (attached as Exhibit D). Plaintiffs had sought twice earlier in the negotiations that the stipulated voluntary dismissal include this representation, but Defendants removed it both times without explanation. Plaintiffs then re-added similar language a third time, explaining why it was

important to Plaintiffs and pointing to the transcript portion where counsel had made this representation. In response today, the government notified Plaintiffs that DOE was considering whether it would agree to add this language, but a response may not be forthcoming today. After Plaintiffs expressed significant concern that DOE was deliberating over whether to agree to a fact that counsel had stated in court, the government followed up later in the day that DOE would agree to language that was similar to, but not the same as, the language counsel had used at the December 17 hearing.[2]

### B. Plaintiffs' Proposed Paths Forward

From Plaintiffs' perspective, the developments since the December 19 reinforce that Plaintiffs can only agree to forgo discovery and consent to consolidation now if Defendants enter a written stipulation agreeing to the key facts that the parties and the Court seemed to agree upon, or did not dispute, at the December 18 hearing.

For instance, at the hearing, Defendants did not dispute the Court's understanding that the status quo ante, which would be restored if Plaintiffs prevail on the merits, is that the definitized awards were not terminated and that Plaintiffs "had access to" and could "draw down the grant money when [they] need it." Ex. A at 18: 6-16. At the hearing, Defendants did not affirmatively agree with these assertions, nor did they squarely agree with Plaintiffs' similar formulation.[3] Plaintiffs are concerned that, even if the Court grants judgment in their favor, Defendants will take the position that the status quo ante and the appropriate remedy is something different from

---

[2] Because the parties continue to negotiate the potential stipulated voluntary dismissal of the claims related to these non-definitized awards, Plaintiffs have not attached the relevant email chain, but Plaintiffs can submit that if the Court requests.

[3] Plaintiffs' counsel stated: "We just want to make sure that there's agreement on what the status quo ante is so we all know what that means if the Court orders relief. And [from] our point of view, the status quo ante [is that] the awards are operative until they're terminated for a legal reason." Ex. A at 21:15-19. When the Court asked the government's counsel, "[D]o you have any disagreement with that?", counsel did not give a clear answer. *See id.* at 21:20-22:8.

the Court's and Plaintiffs' understanding and, on that basis, deny them any meaningful relief.

Even if Defendants had verbally agreed to these propositions, and even for the other assertions with which counsel did clearly agree at the hearing, Plaintiffs' conclusion is that they can only rely on precise, written stipulated facts to which the agency has agreed in writing. Given that judicial estoppel is very difficult to obtain against the federal government, and that DOE has now shown that it does not consider itself automatically bound by the representations that counsel has made in open Court, only a written stipulation from Defendants agreeing to specific facts provides the certainty that Plaintiffs require to forgo discovery.

Accordingly, one option that Plaintiffs respectfully propose is for the Court to order the government, if it wishes to obtain consolidation of the trial on the merits now, to enter a stipulation that:

1. Reflects the facts and assertions made at the December 18 hearing, including language to substantially the following effect:

    a. The status quo ante in this case is that the relevant seven definitized awards were not terminated, and that the awardees "were receiving money for and had access to" their grant funds and could "draw down the grant money when [they] need it." Ex. A at 18: 6-16;

    b. "[A] grant is not terminated until a grantee has been sent notice that the grant has been terminated." *Id.* at 19:20-24.

    c. The remedies in this case if Plaintiffs were to prevail would include, but not necessarily be limited to, "restoration of the award[s]," such that "access would be restored." *Id.* at 5-16.

2. Clearly indicates that the two assertions contained in ECF No. 22-1 reflect Defendants' assertions, and not facts with which Plaintiffs entirely agree.

In the alternative, if the Court concludes that the type of order suggested above is not appropriate or warranted, Plaintiffs respectfully request that the Court proceed to entering a discovery schedule and a hearing date in January 2026.

Finally, under either of these options, Plaintiffs respectfully request that the Court enter a tentative discovery schedule now, so that Plaintiffs may begin serving discovery, to ensure that the delay caused by Defendants' actions does not make it impossible for Plaintiffs to obtain a January hearing date. If the parties are able to enter a stipulation, that discovery schedule could be vacated before Defendants have had to respond.

## CONCLUSION

For the reasons stated above, the Court should enter any order that proceeds in one of the manners requested above.

Dated: December 19, 2025                    Respectfully submitted,

*/s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar 1016621)
Stephen K. Wirth (D.C. Bar 1034038)
John Robinson (D.C. Bar 1044072)
JACOBSON LAWYERS GROUP PLLC
5100 Wisconsin Ave. NW, Suite 301
Washington, DC 20016
Tel: (301) 823-1148
dan@jacobsonlawyersgroup.com

*Counsel for Plaintiffs*

Vickie L. Patton (CO Bar 30370)*
Peter Zalzal (CO Bar 42164)*
Rosalie Winn (CO Bar 52662)*
Stephanie Jones (NY Bar 5590724)*
2060 Broadway, Suite 300
Boulder, CO 80302
(720) 837-6239
vpatton@edf.org

*Counsel for Plaintiff Environmental Defense Fund*

8

LYNDSEY OLSON
Saint Paul City Attorney

By: /s/ Kelsey McElveen
Kelsey McElveen[+]
Office of the City Attorney
15 W. Kellogg Blvd., 400 City Hall
Saint Paul, MN 55102
(651) 226-8710

*Counsel for Plaintiff Saint Paul, Minnesota*

*Pro hac vice forthcoming
[+]Admitted pro hac vice