# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITY OF SAINT PAUL,
MINNESOTA, ET AL.,                    )
                                      )
          Plaintiffs,                 )    CV No. 25-3899
                                      )    Washington, D.C.
      vs.                             )    December 18, 2025
                                      )    10:26 a.m.
CHRISTOPHER WRIGHT, ET AL.,           )
                                      )
          Defendants.                 )
_____)


     TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS
        BEFORE THE HONORABLE AMIT P. MEHTA
           UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiffs:          Daniel F. Jacobson
                             JACOBSON LAWYERS GROUP PLLC
                             5100 Wisconsin Avenue NW
                             Suite 301
                             Washington, D.C. 20016
                             (406) 407-6051
                             Email:
                             stephen@
                             jacobsonlawyersgroup.com

                             Kelsey McElveen
                             CITY ATTORNEY'S OFFICE
                             Civil Litigation
                             15 W. Kellogg Blvd.
                             Suite 750
                             St. Paul, MN 55102
                             (651) 266-8765
                             Email:
                             kelsey.mcelveen
                             @ci.stpaul.mn.us

For the Defendants:          Daniel Riess
                             U.S. DEPARTMENT OF JUSTICE
                             Civil Division,
                             Federal Programs Branch
                             1100 L Street NW
                             Washington, D.C. 20005
                             (202) 353-3098
                             Email: daniel.riess@usdoj.gov

APPEARANCES CONTINUED

Court Reporter:                 William P. Zaremba
                                Registered Merit Reporter
                                Certified Realtime Reporter
                                Official Court Reporter
                                E. Barrett Prettyman CH
                                333 Constitution Avenue, NW
                                Washington, D.C. 20001
                                (202) 354-3249


Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription

```
1                 P R O C E E D I N G S
2           COURTROOM DEPUTY:  Good morning.  This Honorable
3   Court is now in session; the Honorable Amit P. Mehta
4   presiding.
5           Your Honor, we are now on the record for
6   Civil Case 25-3899, City of Saint Paul, Minnesota, versus
7   Christopher Wright, et al.
8           Your Honor, present for the parties is
9   Daniel Jacobson and Kelsey McElveen for the plaintiffs.
10          And counsel for the defendant, Daniel Riess.
11          THE COURT:  All right.  Good morning, everyone.
12          Mr. Riess, hopefully there are no fire alarms
13  going off over there today.
14          Okay.  So where do things stand?
15          Why don't we start with Mr. Jacobson.
16          MR. JACOBSON:  Yes, Your Honor.  Thank you.
17          We very much appreciate Mr. Riess' efforts to sort
18  of shuttle back and forth between his client and us to see
19  if we could reach a resolution here.
20          But after much back-and-forth over the day
21  yesterday and this morning, it's plaintiffs' conclusion that
22  we're at an impasse and we're not going to be able to break
23  that impasse, and that, you know, our ask at this point
24  would be to go forward under the proposed sequence of events
25  that we set forth yesterday.
```

1      I'm happy to go into details as to why that is,

2  Your Honor, but that's sort of big picture where we're at.

3          THE COURT:  Okay.

4          Yeah, if you would sort of provide some details,

5  it might be helpful to think through next steps.

6          MR. JACOBSON:  Yeah, absolutely.

7          So this relates -- it's sort of mixed factual and

8  legal issue relating to -- somewhat to the questions

9  Your Honor asked government counsel yesterday about,

10  is there a difference between a primary reason versus the

11  primary reason and how does that relate to the legal

12  standard.

13          In their papers in this case, the government's

14  position was that we have to show that it's -- the sort

15  of -- an impermissible reason was the only reason for

16  differential treatment, the sole reason.  And yesterday,

17  government counsel seemed like was stepping away from that.

18  But when we reviewed the transcript, it's not -- it's

19  muddied.

20          And so we asked if, you know, a stipulation could

21  include, in part, a legal stipulation that if this Court

22  finds, as a matter of law, which is an open question, that

23  the sort of blue state status is not a legitimate or

24  rational government interest for different -- treating

25  people differently, then the fact that it was a primary

1    reason would be sufficient as a matter of law to make out an

2    equal protection violation, and the government was not able

3    to agree to that.

4            And so given that -- you know, we think --

5    we would be setting ourselves up poorly for potential appeal

6    or otherwise if we don't have an opportunity to establish as

7    a factual matter that this was the sole reason why there was

8    differential treatment here under what the government has

9    set forth in its papers it believes is the standard.

10   There's other issues as well, but that's really the big one.

11           I mean, it sort of -- at the end of the day, and

12   I don't begrudge them for this, the government is trying to

13   phrase things with an eye towards a potential appeal, but

14   for that same reason, the phrasing is in a way that is not

15   something we feel comfortable agreeing to.

16           THE COURT:  Okay.

17           Mr. Riess, can I ask you:  What is the

18   government's position as to the legal requirement, to the

19   extent that there is one, in terms of making a showing about

20   the rationale for the action?

21           You know, yesterday I had at least posited that --

22   you know, yes, it's true that this, you know, standard had

23   come up, but largely in the context of race discrimination

24   and that -- those types of cases.

25           And that ultimately I think what the Court has

1    said that, you know, ultimately -- the ultimate question is

2    just a question of rational basis scrutiny.  Is there a

3    rational relationship between classification and the

4    government objective and that there isn't necessarily a

5    reason to get into whether there was more than one reason

6    for creating the classification.

7              But what's the government's position as to what

8    the standard requires, what showing is required here to

9    establish an equal protection claim?

10             MR. RIESS:  Sure, Your Honor.

11             Is the same as we stated yesterday, that a

12   primary -- and we don't really see much of a difference in

13   daylight between a primary or the primary reason, but it is

14   sufficient that a primary reason for, you know, making the

15   allegedly disparate treatment suffices to, you know, to make

16   a showing for purposes of equal protection.

17             THE COURT:  So would you agree then that if there

18   were to be a stipulation, that a primary reason versus the

19   primary reason -- or the primary reason -- that a primary

20   reason for the decisions here was the sort of blue state

21   status, that the government would not then take the position

22   here or on appeal that an a primary reason showing is not

23   sufficient to make out an equal protection claim?

24             MR. RIESS:  That's correct, Your Honor.

25             And if I could just sort of take a step back and

1   speak to it.

2          I don't fault plaintiffs' counsel, but I just want

3   to -- is his, you know, explanation of the sequence of

4   events was correct.

5          But the reason for not, you know, having that in

6   is, we just -- we didn't think it was necessary and we

7   thought it would be strange to be stipulating to what the

8   parties think the law is.

9          We think that, in the end, the Court can make that

10  determination.  We aren't trying to have a bait and switch,

11  have our cake and eat it too.  You know, we think it's

12  sufficient to stipulate to the facts.

13         And consistent with what we said yesterday, yes,

14  we stand by our representation that it would be sufficient

15  for equal protection purposes to find that a primary reason

16  for the -- you know, the termination decisions at issue here

17  will -- is because of location in blue states.

18         THE COURT:  Okay.

19         Mr. Jacobson, does that give you some comfort

20  about your concern?

21         MR. JACOBSON:  I guess I would -- maybe.

22         I want some clarity on what was just -- that a

23  primary reason -- I guess I would ask:  Is the government

24  conceding that if the government -- if the Court finds --

25  a court finds that that primary reason is not a legitimate

1  governmental reason for differentiating that, that that

2  suffices?

3          That's the nub of it.

4          THE COURT:  Mr. Riess?

5          MR. RIESS:  I'm sorry, Mr. Jacobson, could you

6  complete the question.

7          MR. JACOBSON:  If Judge Mehta or a different,

8  you know, higher court finds that this primary reason that's

9  been offered for differentially treating awardees is not a

10  legitimate basis upon which the government treats people

11  differently, that that suffices to establish equal

12  protection violation?

13          MR. RIESS:  Without in any way saying that,

14  you know, we reserve all rights to, you know, explain that

15  we believe we have put forward, you know, a legitimate

16  interest, with that and reserve our rights as to that,

17  with that caveat, we agree that, you know, if the Court were

18  to make that finding, it would be sufficient.

19          MR. JACOBSON:  When you say you have put forward a

20  legitimate reason, which reason is that?  Just to make sure

21  I'm understanding.

22          MR. RIESS:  Certainly.

23          Throughout briefing and during oral argument,

24  we have explained that we believe that the government can

25  take geographical consideration and political consideration

1    into account.

2          We also had explained that prior to the October

3    termination dates, that DOE had made individualized

4    determinations as to whether or not a broader group of

5    grantees should be terminated.

6          MR. JACOBSON:  So, Your Honor, that last piece is

7    the other thing that we haven't gotten to yet that causes us

8    major heartburn, which is the language the government has

9    proposed embeds the notion that sort of these final

10   decisions to terminate had already been made and this was

11   just a question of when notice was provided.

12         And so obviously we don't agree to that factual

13   premise, and so we tried to go back and forth on ways to

14   sort of work around that without anybody conceding anything

15   either way, but it hasn't happened to date.

16         And so if that's going to be the position,

17   you know, here on appeal, that's challenging for us, because

18   then we wouldn't have a chance to disprove that.

19         MR. RIESS:  If I can respond, Your Honor, please.

20         THE COURT:  Sure.

21         MR. RIESS:  So I guess, number one, we have two

22   alternatives on that.

23         The first alternative, as we explained to

24   plaintiffs, is that, number one, with our original

25   stipulation, we are not asking for plaintiffs to give their

1   imprimatur.  We are simply saying that these are things that

2   defendants stipulate not to contest these factual

3   assertions.  So, you know, we understand that plaintiffs may

4   subjectively think that they're giving -- you know, they're

5   necessarily giving an imprimatur to, but we respectfully

6   disagree with that.  That's one.

7            That said, Your Honor asked us to work

8   cooperatively together, and we came up with alternative

9   language that we proposed to plaintiffs this morning that

10  does not contain any mention of the -- you know, of

11  whether -- of the prior determinations.  It's two sentences.

12  I'm happy to read those for the Court today.  We're happy to

13  have the Court enter that as the stipulation instead.

14  Either one gets us to the same place.

15           THE COURT:  Okay.

16           MR. RIESS:  So it's short; it's two sentences.

17           As before, it begins:

18           "For the purposes of this litigation, with respect

19  to the seven financial awards at issue, defendants stipulate

20  not to contest the following factual assertions," followed

21  by two sentences.

22           Sentence 1:  "The seven terminated awards, all of

23  which have prime awardees in blue states, are comparable to

24  certain other DOE awards that, A, are to primary awardees

25  not in blue states, and, B, did not receive letters

1   terminating their awards in October 2025."

2          That's sentence one.

3          I'm happy to repeat that if the Court didn't --

4          THE COURT:  Got it.

5          MR. RIESS:  Okay.

6          Sentence 2.

7          And this is similar to the one prior.

8          "A primary reason for the selection of which DOE

9   grant termination decisions were included in the October

10  2025 notice tranche was whether the grantee was located in a

11  blue state."

12          So that's the revisions -- revised stipulation

13  language.  It contains no mention of prior individualized

14  determinations.

15          We're fine -- as I said, we are fine with either

16  one.  We think it gets us to the same place.  If plaintiffs

17  have an objection to the first one, we think the second one

18  satisfies it.

19          MR. JACOBSON:  May I just weigh in on the second

20  one?

21          I'm sorry, I don't mean to interrupt if Your Honor

22  has questions.

23          THE COURT:  No.

24          When you say the "second one," I take it you mean

25  what you just read this morning?

```
 1              MR. JACOBSON:  Yes.

 2              THE COURT:  Right.  Okay.

 3              MR. JACOBSON:  Sorry, the piece --

 4              So the second one Mr. Riess just read said,

 5    "A reason for the selection of which DOE grant termination

 6    decisions were included in the October notice tranche."

 7              So that's where our problem is, is it presupposes

 8    that there were a broad -- there were grant termination

 9    decisions and they were just selecting of which ones to

10    provide notice in October of 2025.

11              And so what we don't want is to get a ruling in

12    our favor in this case, and they say, okay, you can go back

13    to the status quo from September 30th, which is, we had

14    already decided to terminate these.  And so nothing changes

15    we'll change when you get notice to a different time or

16    something, but they're just, you know, on ice indefinitely.

17              I realize that it's subtle, but it seems quite

18    meaningful to us.

19              THE COURT:  Yeah, look, I get your point and

20    I understand it.

21              I think the question in my mind is, at least as

22    you all had briefed the theory of your case, it was that

23    there, in fact, had been a long list of grant terminations

24    identified, and that among that list were -- you know,

25    this is the list that was leaked to the media, there were
```

1    grantees in both blue and red states, and it was only the

2    blue state grantees that were terminated.

3           Now, I guess maybe what you're disputing is the

4    characterization of that list.

5           MR. JACOBSON:  Yes.

6           So if I may clarify that, Your Honor.

7           Our position is that DOE official -- like, we

8    don't just dispute that it seems clear that somebody -- some

9    DOE program official recommended for termination that full

10   list, but that no final termination decisions had been made

11   up until, you know, the moment that Russ Vought issued that

12   social media post or right before it, and that still no

13   final determination decisions had been made in terms of the

14   ones in the not-blue states, and so conceding that, you

15   know, they had and this was just a matter of notice is

16   problematic.

17          If I may offer, Your Honor, we had alternative

18   language we had proposed, if I could just read it to try to

19   be neutral on this.  So neither side is just giving, which

20   was just -- this is what we had offered the government.

21          "A primary reason why DOE sent letters terminating

22   awards to recipients located in blue states in October of

23   2025 but not send letters terminating awards to comparable

24   ones in not-blue states was that the awardee was located in

25   a blue state."

1      And so we thought that was just sort of a way to

2   try to meet in the middle and say, it's -- you know, we're

3   not conceding that there were termination decisions made;

4   that this was notice.  We're just saying that's the reason

5   letters terminating awards were sent at that time.

6          THE COURT:  Okay.

7          And, Mr. Riess, I take it that's just -- that's

8   something that the government's not prepared to live with?

9          MR. RIESS:  I mean, we think that there's not a

10  great deal of difference, but -- you know, between those

11  two, but I -- you know -- I don't think it's necessary,

12  you know, to have -- if we could take a step back.

13         I mean, this is -- plaintiffs have pleaded,

14  you know, First Amendment and equal protection claims.

15  These aren't claims as to the -- you know, the individual

16  as -- to the correctness or incorrectness as to any

17  individual grant.  That would be an APA claim, which they

18  haven't brought.

19         So, you know, we largely think that, you know,

20  this objection, we -- you know, we understand it, but the

21  broader picture here is just that, you know, were there two

22  sets of classes and was there treatment of the subset of

23  classes a primary reason for which was, you know, location

24  in a blue state.  That's what our -- you know -- those are,

25  you know, the facts that the Court asked us to provide.

1    That's what this covers.

2              THE COURT:  So let me ask you this, Mr. Jacobson.

3              Would your concerns be mollified if there were to

4    be some statement added to the stipulation the government

5    proposed to the effect of, you know, that this stipulation

6    is applicable only as to these proceedings and for no other

7    purpose?

8              In other words, if your -- your concern seems to

9    be that if there's future action taken against your clients

10   against their interests, then what you're admitting to or

11   what you're not -- I should say, the defendants are not

12   disputing, would somehow come back and haunt you in a

13   separate litigation or in related litigation?

14             And if there were to be some agreement and

15   understanding that the facts that have been stipulated to

16   are strictly for the purpose of this case as it stands in

17   its present posture, then that might alleviate your concern

18   that this kind of stipulation could come back to haunt you

19   in the future?

20             MR. JACOBSON:  I don't mean to be difficult,

21   Your Honor.

22             I think our concern is it would come back to haunt

23   us in this case with respect to the remedy.

24             THE COURT:  Okay.

25             MR. JACOBSON:  So one of the, you know, prayers

1  for relief we had is that the Court order them to restore

2  these awards, which in our view would be, you know,

3  restoring the status quo ante and enjoining the

4  unconstitutional action.

5          My fear is if this is the stipulation, when we get

6  to remedies, the government will say, no, you can't order

7  that, because the status quo ante said these awards were

8  terminated, and, at most, you can just undo the notice, but

9  you're not getting your award and we're not going to restore

10  your award, and, you know -- but that doesn't really get us

11  anywhere.

12          THE COURT:  You know, I'll let Mr. Riess have a

13  word here, but I don't quite understand that that -- in that

14  construct seems to be a remedy without any real relief.

15          In other words --

16          MR. JACOBSON:  Yeah.

17          THE COURT:  In other words, the way I envisioned

18  what the remedy in this case would be if you were to

19  prevail, it would be essentially twofold.

20          It would be, you need to restore the grants and

21  the funding that I understand your clients were receiving at

22  the time the termination letters were received; and, two,

23  that, prospectively, the government could not terminate

24  these grants for this improper reason, period, full stop.

25  That would be the remedy.

1          And I don't think I can go beyond that and say,

2    you have to restore the award for all time and for no other

3    reason can you terminate it.

4          MR. JACOBSON:  I agree, Your Honor.

5          THE COURT:  Right.

6          So, you know, that's my thinking in terms of what

7    the remedy would be if you were to prevail.

8          It is, again, restoration of the award, which

9    I understand was something you were receiving money for and

10   had access to.

11         At least as I understand the way these things are

12   done is you sort of draw down the grant money when you need

13   it, and so you would -- that access would be restored, and

14   the government would be prohibited, in the future, from

15   terminating the grant on the grounds that were deemed,

16   again, if you were to prevail, unconstitutional.

17         MR. JACOBSON:  So I think it's that last piece,

18   and I welcome Mr. Riess' thoughts.

19         Our worry is they would say, we're not terminating

20   the grants on the grounds that the Court found improper.

21   The grants were already terminated, decided to be terminated

22   because they have -- they weren't in furtherance of the

23   President's policy priorities.  And what we did in October

24   is we didn't decide to terminate them, we just sent out

25   notice that we had already decided that.

1          And so --

2          THE COURT:  Well, but the grant isn't terminated

3     until you get notice, right?

4          I mean, somebody in -- maybe Mr. Riess will tell

5     me otherwise, but, you know, somebody can create some sort

6     of inchoate determination of termination, but unless there's

7     a -- let's put it this way:

8          If we were in an APA world and the facts were that

9     somebody made a determination to terminate but there was no

10    letter and you came in and said, wait a minute, you're

11    terminating arbitrarily and capriciously, I think the

12    government would say, there's been no final decision, right,

13    there's been no letter that's gone out that actually

14    announces the termination, and so -- and I think that would

15    be right.

16         MR. JACOBSON:  That's certainly our view,

17    Your Honor.

18         I'd welcome Mr. Riess' thought on whether the

19    government will agree with that thought, that position.

20         MR. RIESS:  We agree, Your Honor, that a grant is

21    not terminated until a grantee has been sent notice that the

22    grant has been terminated; that is, the notice is what gives

23    legal effect.

24         THE COURT:  Okay.

25         Does that help you at all, Mr. Jacobson?

1          MR. JACOBSON:  Yeah.

2          I'm wondering if one way to work through this

3    issue would be, picking up -- and certainly what Your Honor

4    was saying, if the relief we seek and potentially obtain

5    would be that they can't treat these grants differently

6    moving forward from the comparables and similarly situated

7    ones, meaning, like, if those grants are still open, our

8    grants are still open, unless there's a different legitimate

9    reason they come up with.

10          Our point is, our goal is just to be practical

11   about this to make sure relief is meaningful in this case.

12          THE COURT:  Sure.

13          Look, again, my understanding of the status quo

14   ante is essentially that you would be restored to the hours

15   and the minutes before you got the letter, right?

16          So whatever was the set of -- whatever was going

17   on at DOE, whether you were on a list, not on a list,

18   whether somebody had made a decision, not made a decision,

19   I can't change any of that, right?  All I can do is restore

20   you to a point before you got the letter, and, therefore,

21   the grant is not officially terminated.

22          Now, you know, I think you understand this, that

23   say I enter the order that you want, I can't do anything

24   about if the government comes around the next week,

25   DOE comes around the next week and says, well, now we're

1    terminating it because, you know, in fact, you're not --

2    you know, your grant is not consistent with the agency

3    priorities, and we're telling you that's the reason this

4    time, you may need to come back and litigate that, but

5    there's nothing I can do to prohibit them from doing that

6    except if it's based upon a prohibited reason,

7    constitutional reason that I would find to be improper.

8            MR. JACOBSON:  I think if the government would

9    agree -- and maybe this is -- that the status quo ante here

10   that would be restored -- in the event that the Court orders

11   relief, that the status quo ante was that these awards were

12   open and continue to be performed unless and until formally

13   terminated via some legitimate reason, I think that would do

14   the trick for us.

15           We just want to make sure that there's agreement

16   on what the status quo ante is so we all know what that

17   means if the Court orders relief.  And for our point of

18   view, the status quo ante should be the awards are operative

19   until they're terminated for a legal reason.

20           THE COURT:  Mr. Riess, do you have any

21   disagreement with that?

22           MR. RIESS:  I mean, I don't really see much

23   daylight between that and what -- Your Honor's point that,

24   I mean, the remedy here is to restore plaintiffs' -- what

25   they've been pleading is not, you know, an APA challenge.

1    We think that any of these particular grants, you know, were

2    terminated improperly.

3         What they have is a First Amendment and a

4    Fifth Amendment claim that depends on, you know, the timing

5    of these decisions makes it constitutionally improper.  And

6    I mean the remedy for that is to take plaintiffs back to the

7    status quo ante, which is, you know, before they received

8    these termination decisions.

9         THE COURT:  I mean, I would slightly re-word it,

10   but I -- my -- for me, I don't think that there -- really

11   matters, frankly, whether a decision had been made in the

12   abstract somewhere at DOE about termination.

13        What matters is when the grant was terminated, it

14   was terminated and what was the reason for the termination

15   at the time of termination.  And if it was an

16   unconstitutional reason, that's within my purview and that

17   is something that can be remedied.  I can't do anything more

18   than that, it seems to me.

19        And so the only -- the remedy would be essentially

20   that the grants would be restored to the status in which

21   they were in the day before the termination letters were

22   received, and what, if anything, DOE does after that is only

23   limited by some sort of future injunction or, you know,

24   prospective relief, if that's appropriate.

25        I suppose there's still this open issue, I guess,

1    on whether I could order prospective relief.  But let's say

2    I could, I think the extent of the prospective relief would

3    be, you can't terminate this grant again in the future or

4    any of these seven grants again in the future based upon an

5    impermissible reason.

6              Right?

7              MR. RIESS:  We agree, Your Honor.

8              THE COURT:  Mr. Jacobson, any disagreement with

9    that?

10             MR. JACOBSON:  No.

11             I think the way Your Honor just phrased it,

12   we would be comfortable with.

13             THE COURT:  Okay.

14             And, look, I mean, you know, we haven't talked

15   about scope of remedy for obviously good reason, you know,

16   that's putting the cart before the horse, but I mean, that's

17   my general thinking of it.

18             You know, if there were to be a merits

19   determination in plaintiffs' favor, at least the clear

20   injunctive relief they could get is the restoration of the

21   award.

22             I don't know what the government's position would

23   be on a further permanent injunction against termination on

24   an unconstitutional ground.  Maybe you wouldn't object to

25   that, maybe you would.  I don't know.  Bottom line is that

1  typically for permanent injunctions, you've got to make some

2  showing of possible future harm, et cetera.

3           And anyway, you get my point.

4           So anyway, I think we've sort of reached a point

5  where we're all in agreement and understanding in terms of

6  what the potential facts are and what the potential remedy

7  is if there's a merits finding.  I think the question is

8  whether you all are now -- Mr. Jacobson, I'm primarily

9  looking at you -- prepared to commit this to writing and

10 then go from there.

11          MR. JACOBSON:  I think, based on the things the

12 government has said today, yes, that seems like a wise path.

13          I would ask Your Honor, just because I'm overly

14 paranoid these days with, you know -- the Federal Government

15 sometimes changes its position, let's say, in the course of

16 litigation or an appellate appeal, what Your Honor's

17 thoughts are memorializing the legal question that you were

18 speaking with Mr. Riess about earlier.

19          THE COURT:  Sorry.  You're asking me to identify

20 the legal question?

21          MR. JACOBSON:  No.  Sorry.

22          You were asking Mr. Riess, you know -- the thing I

23 identified earlier as a roadblock that they wouldn't agree

24 to stipulate to what I think then Mr. Riess subsequently did

25 agree to as part of this colloquy with Your Honor about

1  the -- as a matter of equal protection law, a primary reason

2  would suffice, basically, if that reason was illegitimate.

3          THE COURT:  I mean, he said that.  We've got a

4  transcript.  I don't know that he could walk that back

5  either in this proceeding or in the Court of Appeals.

6          MR. JACOBSON:  Okay.

7          I just -- if there's some way just to note that

8  like we are -- I'll think about this, but that we are

9  foregoing our right to discovery based on that, I just --

10  you know, I've seen cases recently where, on appeal, the

11  government says, well, you know, it was worded awkwardly,

12  but it wasn't really meant that way.

13          I don't know if I'm just being too paranoid here,

14  but I didn't want to be in a situation where we forwent the

15  ability to show that it was the sole reason and then the

16  government says that that's actually material to the legal

17  standard.

18          MR. RIESS:  Your Honor, I think I've been,

19  you know, consistent both yesterday and today as to what our

20  position is.

21          You know, we think that, you know, a stipulation

22  should be about what facts we -- discrete, it's not what the

23  parties' theory of the law is.

24          We've made very clear that we believe a primary

25  reason is sufficient for equal protection purposes.

```
 1              THE COURT:  Yeah.

 2              And I gather the related point is that the facts

 3    would need to show no more, correct, in order to establish

 4    liability for an equal protection violation?

 5              MR. RIESS:  We agree with that, Your Honor.

 6              THE COURT:  Okay.

 7              MR. JACOBSON:  Okay.

 8              I'll take that, Your Honor.

 9              THE COURT:  Okay.  Good.

10              Well, you know, I never thought of myself much as

11    a mediator, but maybe so.

12              Okay.  So it sounds like the next step then is to

13    commit to writing and put signatures on a factual

14    stipulation.

15              And if that is presented to me, then I will assume

16    we're all in agreement, including Mr. Riess, when I did ask

17    him yesterday, that both sides are then prepared to

18    consolidate the preliminary injunction with a hearing on the

19    merits and that whatever opinion comes out is a final

20    judgment on the merits, correct?

21              MR. RIESS:  That is correct, Your Honor.

22              THE COURT:  Mr. Jacobson?

23              MR. JACOBSON:  Yes, Your Honor.

24              THE COURT:  Okay.

25              All right.  Great.
```

1              Okay.

2              So we'll look for the stipulation, which I assume

3    you all can get to me by tomorrow.  And once I have that,

4    we'll get to the business of drafting something up and

5    getting you a decision, okay?

6              MR. JACOBSON:  Thank you, Your Honor.

7              MR. RIESS:  Thank you, Your Honor.

8              THE COURT:  Thanks, everybody.  I appreciate it.

9    Thanks for all the hard work.

10              MR. RIESS:  Thank you, sir.

11              (Proceedings concluded at 11:00 a.m.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T E

I, William P. Zaremba, RMR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-titled matter.


Date:__December 18, 2025___    _____

                               William P. Zaremba, RMR, CRR

**COURTROOM DEPUTY:**
**[1]**  4/2
**MR. JACOBSON: [25]**
4/16 5/6 8/21 9/7
9/19 10/6 12/19 13/1
13/3 14/5 16/20
16/25 17/16 18/4
18/17 19/16 20/1
21/8 23/10 24/11
24/21 25/6 26/7
26/23 27/6
**MR. RIESS: [18]**
7/10 7/24 9/5 9/13
9/22 10/19 10/21
11/16 12/5 15/9
19/20 21/22 23/7
25/18 26/5 26/21
27/7 27/10
**THE COURT: [33]**

**1**

**10:26 [1]**  1/6
**1100 [1]**  2/14
**11:00 [1]**  27/11
**15 [1]**  2/8
**18 [2]**  1/5 28/7

**2**

**20001 [1]**  3/5
**20005 [1]**  2/15
**20016 [1]**  2/4
**202 [2]**  2/15 3/5
**2025 [6]**  1/5 12/1
12/10 13/10 14/23
28/7
**25-3899 [2]**  1/4 4/6
**266-8765 [1]**  2/10

**3**

**301 [1]**  2/3
**3098 [1]**  2/15
**30th [1]**  13/13
**3249 [1]**  3/5
**333 [1]**  3/4
**353-3098 [1]**  2/15
**354-3249 [1]**  3/5
**3899 [2]**  1/4 4/6

**4**

**406 [1]**  2/4
**407-6051 [1]**  2/4

**5**

**5100 [1]**  2/3
**55102 [1]**  2/9

**6**

**6051 [1]**  2/4
**651 [1]**  2/10

**7**

**750 [1]**  2/9

**8**

**8765 [1]**  2/10

**A**

**a.m [2]**  1/6 27/11
**ability [1]**  25/15
**able [2]**  4/22 6/2
**about [11]**  5/9 6/19
8/20 20/11 20/24
22/12 23/15 24/18
24/25 25/8 25/22
**above [1]**  28/4
**above-titled [1]**
28/4
**absolutely [1]**  5/6
**abstract [1]**  22/12
**access [2]**  18/10
18/13
**account [1]**  10/1
**action [3]**  6/20 16/9
17/4
**actually [2]**  19/13
25/16
**added [1]**  16/4
**admitting [1]**  16/10
**after [2]**  4/20 22/22
**again [5]**  18/8 18/16
20/13 23/3 23/4
**against [3]**  16/9
16/10 23/23
**agency [1]**  21/2
**agree [12]**  6/3 7/17
9/17 10/12 18/4
19/19 19/20 21/9
23/7 24/23 24/25
26/5
**agreeing [1]**  6/15
**agreement [4]**  16/14
21/15 24/5 26/16
**aided [1]**  3/7
**al [3]**  1/3 1/6 4/7
**alarms [1]**  4/12
**all [14]**  4/11 9/14
11/22 13/22 18/2
19/25 20/19 21/16
24/5 24/8 26/16
26/25 27/3 27/9
**allegedly [1]**  7/15
**alleviate [1]**  16/17
**already [4]**  10/10
13/14 18/21 18/25
**also [1]**  10/2
**alternative [3]**
10/23 11/8 14/17
**alternatives [1]**
10/22
**Amendment [3]**  15/14
22/3 22/4
**AMIT [2]**  1/10 4/3
**Amit P [1]**  4/3
**among [1]**  13/24
**announces [1]**  19/14
**ante [8]**  17/3 17/7
20/14 21/9 21/11
21/16 21/18 22/7

**any [9]**  4/15 5/10
15/16 17/14 20/19
21/20 22/1 23/4 23/8
**anybody [1]**  10/14
**anything [4]**  10/14
20/23 22/17 22/22
**anyway [2]**  24/3 24/4
**anywhere [1]**  17/11
**APA [3]**  15/17 19/8
21/25
**appeal [6]**  6/5 6/13
7/22 10/17 24/16
25/10
**Appeals [2]**  25/5
**APPEARANCES [2]**  1/11
2/18
**appellate [1]**  24/16
**applicable [1]**  16/6
**appreciate [2]**  4/17
27/8
**appropriate [1]**
22/24
**arbitrarily [1]**
19/11
**are [21]**  4/5 4/12
10/25 11/1 11/1
11/23 11/24 12/15
15/24 16/11 16/16
18/11 20/7 20/8
24/17 25/8 25/8
26/17
**aren't [2]**  8/10
15/15
**argument [1]**  9/23
**around [3]**  10/14
20/24 20/25
**as [26]**  5/1 5/22 6/1
6/6 6/10 6/18 7/7
7/11 9/16 10/4 10/23
11/13 11/17 12/15
13/21 15/15 15/16
15/16 16/6 16/16
18/11 24/23 24/25
25/1 25/19 26/10
**ask [6]**  4/23 6/17
8/23 16/2 24/13
26/16
**asked [4]**  5/9 5/20
11/7 15/25
**asking [3]**  10/25
24/19 24/22
**assertions [2]**  11/3
11/20
**assume [2]**  26/15
27/2
**ATTORNEY'S [1]**  2/7
**Avenue [2]**  2/3 3/4
**award [5]**  17/9 17/10
18/2 18/8 23/21
**awardee [1]**  14/24
**awardees [3]**  9/9
11/23 13/24
**awards [11]**  11/19
11/22 11/24 12/1

11/10
17/2 17/7 21/11
21/18
**away [1]**  5/17
**awkwardly [1]**  25/11

**B**

**back [12]**  4/18 4/20
7/25 10/13 13/12
15/12 16/12 16/18
16/22 21/4 22/6 25/4
**bait [1]**  8/10
**Barrett [1]**  3/4
**based [4]**  21/6 23/4
24/11 25/9
**basically [1]**  25/2
**basis [2]**  7/2 9/10
**be [47]**
**because [6]**  8/17
10/17 17/7 18/22
21/1 24/13
**been [13]**  9/9 10/10
13/23 14/10 14/13
16/15 19/10 19/13
19/21 19/22 21/25
22/11 25/18
**before [8]**  1/10
11/17 14/12 20/15
20/20 22/7 22/21
23/16
**begins [1]**  11/17
**begrudge [1]**  6/12
**being [1]**  25/13
**believe [3]**  9/15
9/24 25/24
**believes [1]**  6/9
**between [6]**  4/18
5/10 7/3 7/13 15/10
21/23
**beyond [1]**  18/1
**big [2]**  5/2 6/10
**blue [13]**  5/23 7/20
8/17 11/23 11/25
12/11 14/1 14/2
14/14 14/22 14/24
14/25 15/24
**Blvd [1]**  2/8
**both [3]**  14/1 25/19
26/17
**Bottom [1]**  23/25
**Branch [1]**  2/14
**break [1]**  4/22
**briefed [1]**  13/22
**briefing [1]**  9/23
**broad [1]**  13/8
**broader [2]**  10/4
15/21
**brought [1]**  15/18
**business [1]**  27/4

**C**

**cake [1]**  8/11
**came [2]**  11/8 19/10
**can [13]**  6/17 8/9
9/24 10/19 13/12

## C

can... [8]   17/8 18/1 18/3 19/5 20/19 21/5 22/17 27/3
can't [6]   17/6 20/5 20/19 20/23 22/17 23/3
capriciously [1]   19/11
cart [1]   23/16
case [8]   4/6 5/13 13/12 13/22 16/16 16/23 17/18 20/11
cases [2]   6/24 25/10
causes [1]   10/7
caveat [1]   9/17
certain [1]   11/24
certainly [3]   9/22 19/16 20/3
Certified [1]   3/3
certify [1]   28/2
cetera [1]   24/2
CH [1]   3/4
challenge [1]   21/25
challenging [1]   10/17
chance [1]   10/18
change [2]   13/15 20/19
changes [2]   13/14 24/15
characterization [1]   14/4
CHRISTOPHER [2]   1/6 4/7
ci.stpaul.mn.us [1]   2/11
CITY [3]   1/3 2/7 4/6
Civil [3]   2/8 2/13 4/6
Civil Case [1]   4/6
claim [4]   7/9 7/23 15/17 22/4
claims [2]   15/14 15/15
clarify [1]   14/6
clarity [1]   8/22
classes [2]   15/22 15/23
classification [2]   7/3 7/6
clear [3]   14/8 23/19 25/24
client [1]   4/18
clients [2]   16/9 17/21
colloquy [1]   24/25
COLUMBIA [1]   1/1
come [6]   6/23 16/12 16/18 16/22 20/9 21/4
comes [3]   20/24 20/25 26/19
comfort [1]   8/19
comfortable [2]   6/15

commit [2]   24/9 26/13
comparable [2]   11/23 14/23
comparables [1]   20/6
complete [1]   9/6
computer [1]   3/7
computer-aided [1] 3/7
conceding [4]   8/24 10/14 14/14 15/3
concern [4]   8/20 16/8 16/17 16/22
concerns [1]   16/3
concluded [1]   27/11
conclusion [1]   4/21
CONFERENCE [1]   1/9
consideration [2]   9/25 9/25
consistent [3]   8/13 21/2 25/19
consolidate [1]   26/18
Constitution [1]   3/4
constitutional [1]   21/7
constitutionally [1]   22/5
construct [1]   17/14
contain [1]   11/10
contains [1]   12/13
contest [2]   11/2 11/20
context [1]   6/23
continue [1]   21/12
CONTINUED [1]   3/1
cooperatively [1]   11/8
correct [6]   7/24 8/4 26/3 26/20 26/21 28/3
correctness [1]   15/16
could [12]   4/19 5/20 7/25 9/5 14/18 15/12 16/18 17/23 23/1 23/2 23/20 25/4
counsel [4]   4/10 5/9 5/17 8/2
course [1]   24/15
court [20]   1/1 3/2 3/3 4/3 5/21 6/25 8/9 8/24 8/25 9/8 9/17 11/12 11/13 12/3 15/25 17/1 18/20 21/10 21/17 25/5
covers [1]   16/1
create [1]   19/5
creating [1]   7/6
CRR [2]   28/2 28/8
CV [1]   1/4

## D

D.C [4]   1/5 2/4 2/15

Daniel [4]   2/2 2/12 4/9 4/10
Daniel Jacobson [1]   4/9
daniel.riess [1]   2/16
date [2]   10/15 28/7
dates [1]   10/3
day [3]   4/20 6/11 22/21
daylight [1]   7/13 21/23
days [1]   24/14
deal [1]   15/10
December [2]   1/5 28/7
decide [1]   18/24
decided [3]   13/14 18/21 18/25
decision [5]   19/12 20/18 20/18 22/11 27/5
decisions [11]   7/20 8/16 10/10 12/9 13/6 13/9 14/10 14/13 15/3 22/5 22/8
deemed [1]   18/15
defendant [1]   4/10
defendants [5]   1/7 2/12 11/2 11/19 16/11
DEPARTMENT [1]   2/13
depends [1]   22/4
details [2]   5/1 5/4
determination [5]   8/10 14/13 19/6 19/9 23/19
determinations [3]   10/4 11/11 12/14
did [4]   11/25 18/23 24/24 26/16
didn't [4]   8/6 12/3 18/24 25/14
difference [3]   5/10 7/12 15/10
different [4]   5/24 9/7 13/15 20/8
differential [2]   5/16 6/18
differentially [1]   9/9
differentiating [1]   9/1
differently [3]   5/25 9/11 20/5
difficult [1]   16/20
disagree [1]   11/6
disagreement [2]   21/21 23/8
discovery [1]   25/9
discrete [1]   25/22
discrimination [1]   6/23
disparate [1]   7/15

disprove [1]   10/18
dispute [1]   14/8
disputing [2]   14/3 16/12
DISTRICT [3]   1/1 1/1 1/10
Division [1]   2/13
do [7]   4/14 20/19 20/23 21/5 21/13 21/20 22/17
do you have [1]   21/20
DOE [11]   10/3 11/24 12/8 13/5 14/7 14/9 14/21 20/17 20/25 22/12 22/22
DOE comes [1]   20/25
does [5]   5/11 8/19 11/10 19/25 22/22
doesn't [1]   17/10
doing [1]   21/5
don't [19]   4/15 6/6 6/12 7/12 8/2 10/12 12/21 13/11 14/8 15/11 16/20 17/13 18/1 21/22 22/10 23/22 23/25 25/4 25/13
done [1]   18/12
down [1]   18/12
drafting [1]   27/4
draw [1]   18/12
during [1]   9/23

## E

earlier [2]   24/18 24/23
eat [1]   8/11
effect [2]   16/5 19/23
efforts [1]   4/17
either [4]   10/15 11/14 12/15 25/5
Email [3]   2/5 2/10 2/16
embeds [1]   10/9
end [2]   6/11 8/9
enjoining [1]   17/3
enter [2]   11/13 20/23
envisioned [1]   17/17
equal [10]   6/2 7/9 7/16 7/23 8/15 9/11 15/14 25/1 25/25 26/4
essentially [3]   17/19 20/14 22/19
establish [4]   6/6 7/9 9/11 26/3
et [4]   1/3 1/6 4/7 24/2
et cetera [1]   24/2
event [1]   21/10
events [2]   4/24 8/4
everybody [1]   27/8

**E**

everyone [1]  4/11
except [1]  21/6
explain [1]  9/14
explained [3]  9/24
10/2 10/23
explanation [1]  8/3
extent [2]  6/19 23/2
eye [1]  6/13

**F**

fact [3]  5/25 13/23
21/1
facts [7]  8/12 15/25
16/15 19/8 24/6
25/22 26/2
factual [6]  5/7 6/7
10/12 11/2 11/20
26/13
fault [1]  8/2
favor [2]  13/12
23/19
fear [1]  17/5
Federal [2]  2/14
24/14
feel [1]  6/15
Fifth [1]  22/4
Fifth Amendment [1]
22/4
final [5]  10/9 14/10
14/13 19/12 26/19
financial [1]  11/19
find [2]  8/15 21/7
finding [2]  9/18
24/7
finds [4]  5/22 8/24
8/25 9/8
fine [2]  12/15 12/15
fire [1]  4/12
first [4]  10/23
12/17 15/14 22/3
First Amendment [2]
15/14 22/3
followed [1]  11/20
following [1]  11/20
foregoing [2]  25/9
28/3
formally [1]  21/12
forth [5]  4/18 4/20
4/25 6/9 10/13
forward [4]  4/24
9/15 9/19 20/6
forwent [1]  25/14
found [1]  18/20
frankly [1]  22/11
full [2]  14/9 17/24
funding [1]  17/21
further [1]  23/23
furtherance [1]
18/22
future [7]  16/9
16/19 18/14 22/3
23/3 23/4 24/2

**G**

gather [1]  26/2
general [1]  23/17
geographical [1]
9/25
get [11]  7/5 13/11
13/15 13/19 17/5
17/10 19/3 23/20
24/3 27/3 27/4
gets [2]  11/14 12/16
getting [2]  17/9
27/5
give [2]  8/19 10/25
given [1]  6/4
gives [1]  19/22
giving [3]  11/4 11/5
14/19
go [6]  4/24 5/1
10/13 13/12 18/1
24/10
goal [1]  20/10
going [5]  4/13 4/22
10/16 17/9 20/16
gone [1]  19/13
good [4]  4/2 4/11
23/15 26/9
got [5]  12/4 20/15
20/20 24/1 25/3
gotten [1]  10/7
government [26]  5/9
5/17 5/24 6/2 6/8
6/12 7/4 7/21 8/23
8/24 9/10 9/24 10/8
14/20 16/4 17/6
17/23 18/14 19/12
19/19 20/24 21/8
24/12 24/14 25/11
25/16
government's [5]
5/13 6/18 7/7 15/8
23/22
governmental [1]  9/1
grant [14]  12/9 13/5
13/8 13/23 15/17
18/12 18/15 19/2
19/20 19/22 20/21
21/2 22/13 23/3
grantee [2]  12/10
19/21
grantees [3]  10/5
14/1 14/2
grants [10]  17/20
17/24 18/20 18/21
20/5 20/7 20/8 22/1
22/20 23/4
great [2]  15/10
26/25
ground [1]  23/24
grounds [2]  18/15
18/20
group [2]  2/2 10/4
guess [5]  8/21 8/23
10/21 14/3 22/25

**H**

had [19]  6/21 6/22
10/2 10/3 10/10
13/13 13/22 13/23
14/10 14/13 14/15
14/17 14/18 14/20
17/1 18/10 18/25
20/18 22/11
happened [1]  10/15
happy [4]  5/1 11/12
11/12 12/3
hard [1]  27/9
harm [1]  24/2
has [7]  6/8 6/25
10/8 12/22 19/21
19/22 24/12
hasn't [1]  10/15
haunt [3]  16/12
16/18 16/22
have [21]  5/14 6/6
8/10 8/11 9/15 9/19
9/24 10/18 10/21
11/13 11/23 12/17
15/12 15/13 16/15
17/12 18/2 18/22
21/20 22/3 27/3
haven't [3]  10/7
15/18 23/14
having [1]  8/5
he [2]  25/3 25/4
he said [1]  25/3
hearing [1]  26/18
heartburn [1]  10/8
help [1]  19/25
helpful [1]  5/5
here [12]  4/19 6/8
7/8 7/20 7/22 8/16
10/17 15/21 17/13
21/9 21/24 25/13
higher [1]  9/8
him [1]  26/17
his [2]  4/18 8/3
Honor [29]
Honor's [2]  21/23
24/16
HONORABLE [3]  1/10
4/2 4/3
hopefully [1]  4/12
horse [1]  23/16
hours [1]  20/14
how [1]  5/11

**I**

I agree [1]  18/4
I assume [1]  27/2
I can [3]  18/1 20/19
21/5
I can't [3]  20/19
20/23 22/17
I don't [10]  6/12
8/2 15/11 17/13 18/1
21/22 22/10 23/22
23/25 25/4
I guess [5]  8/21
8/23 10/21 14/3

I had [1]  6/21
I have [1]  27/3
I just [2]  12/19
25/9
I mean [9]  6/11 15/9
15/13 19/4 21/22
21/24 22/6 22/9
23/14
I should [1]  16/11
I think [14]  6/25
13/21 16/22 19/11
19/14 20/22 21/8
21/13 23/2 23/11
24/4 24/11 24/24
25/18
I understand [4]
13/20 17/21 18/9
18/11
I want [1]  8/22
I will [1]  26/15
I would [5]  8/21
8/23 21/7 22/9 24/13
I'd [1]  19/18
I'll [3]  17/12 25/8
26/8
I'm [10]  5/1 9/5
9/21 11/12 12/3
12/21 20/2 24/8
24/13 25/13
I'm sorry [1]  9/5
I've [2]  25/10 25/18
ice [1]  13/16
identified [2]  13/24
24/23
identify [1]  24/19
illegitimate [1]
25/2
impasse [2]  4/22
4/23
impermissible [2]
5/15 23/5
imprimatur [2]  11/1
11/5
improper [4]  17/24
18/20 21/7 22/5
improperly [1]  22/2
inchoate [1]  19/6
include [1]  5/21
included [2]  12/9
13/6
including [1]  26/16
incorrectness [1]
15/16
indefinitely [1]
13/16
individual [2]  15/15
15/17
individualized [2]
10/3 12/13
injunction [3]  22/23
23/23 26/18
injunctions [1]  24/1
injunctive [1]  23/20
instead [1]  11/13

**I**

interest [2]   5/24
  9/16
interests [1]   16/10
interrupt [1]   12/21
is [85]
is there [2]   5/10
  7/2
isn't [2]   7/4 19/2
issue [5]   5/8 8/16
  11/19 20/3 22/25
issued [1]   14/11
issues [1]   6/10
it [50]
it would be [5]   8/7
  8/14 9/18 17/19
  17/20
it's [16]   4/21 5/7
  5/14 5/18 5/18 6/22
  8/11 11/11 11/16
  11/16 13/17 15/2
  15/11 18/17 21/6
  25/22
its [3]   6/9 16/17
  24/15

**J**

Jacobson [11]   2/2
  2/2 4/9 4/15 8/19
  9/5 16/2 19/25 23/8
  24/8 26/22
jacobsonlawyersgroup.
com [1]   2/6
JUDGE [2]   1/10 9/7
Judge Mehta [1]   9/7
judgment [1]   26/20
just [31]
JUSTICE [1]   2/13

**K**

Kellogg [1]   2/8
Kelsey [2]   2/7 4/9
kelsey.mcelveen [1]
  2/11
kind [1]   16/18
know [70]

**L**

language [4]   10/8
  11/9 12/13 14/18
largely [2]   6/23
  15/19
last [2]   10/6 18/17
law [5]   5/22 6/1 8/8
  25/1 25/23
LAWYERS [1]   2/2
leaked [1]   13/25
least [4]   6/21 13/21
  18/11 23/19
legal [9]   5/8 5/11
  5/21 6/18 19/23
  21/19 24/17 24/20
  25/16
legitimate [7]   5/23
  8/25 9/10 9/15 9/20

let [2]   16/2 17/12
let's [3]   19/7 23/1
  24/15
letter [4]   19/10
  19/13 20/15 20/20
letters [6]   11/25
  14/21 14/23 15/5
  17/22 22/21
liability [1]   26/4
like [6]   5/17 14/7
  20/7 24/12 25/8
  26/12
limited [1]   22/23
line [1]   23/25
list [7]   13/23 13/24
  13/25 14/4 14/10
  20/17 20/7
litigate [1]   21/4
litigation [5]   2/8
  11/18 16/13 16/13
  24/16
live [1]   15/8
located [3]   12/10
  14/22 14/24
location [2]   8/17
  15/23
long [1]   13/23
look [4]   13/19 20/13
  23/14 27/2
looking [1]   24/9

**M**

made [10]   10/3 10/10
  14/10 14/13 15/3
  19/9 20/18 20/18
  22/11 25/24
major [1]   10/8
make [9]   6/1 7/15
  7/23 8/9 9/18 9/20
  20/11 21/15 24/1
makes [1]   22/5
making [2]   6/19 7/14
material [1]   25/16
matter [6]   5/22 6/1
  6/7 14/15 25/1 28/4
matters [2]   22/11
  22/13
may [5]   11/3 12/19
  14/6 14/17 21/4
maybe [7]   8/21 14/3
  19/4 21/9 23/24
  23/25 26/11
McElveen [2]   2/7 4/9
me [7]   16/2 19/5
  22/10 22/18 24/19
  26/15 27/3
mean [14]   6/11 12/21
  12/24 15/9 15/13
  16/20 19/4 21/22
  21/24 22/6 22/9
  23/14 23/16 25/3
meaning [1]   20/7
meaningful [2]   13/18
  20/11

means [1]   21/7
meant [1]   25/12
mechanical [1]   3/6
media [2]   13/25
  14/12
mediator [1]   26/11
meet [1]   15/2
MEHTA [3]   1/10 4/3
  9/7
memorializing [1]
  24/17
mention [2]   11/10
  12/13
Merit [1]   3/2
merits [4]   23/18
  24/7 26/19 26/20
middle [1]   15/2
might [2]   5/5 16/17
mind [1]   13/21
MINNESOTA [2]   1/3
  4/6
minute [1]   19/10
minutes [1]   20/15
mixed [1]   5/7
MN [1]   2/9
mollified [1]   16/3
moment [1]   14/11
money [2]   18/9 18/12
more [3]   7/5 22/17
  26/3
morning [5]   4/2 4/11
  4/21 11/9 12/25
most [1]   17/8
moving [1]   20/6
Mr. [23]   4/12 4/15
  4/17 6/17 8/19 9/4
  9/5 13/4 15/7 16/2
  17/12 18/18 19/4
  19/18 19/25 21/20
  23/8 24/8 24/18
  24/22 24/24 26/16
  26/22
Mr. Jacobson [8]
  4/15 8/19 9/5 16/2
  19/25 23/8 24/8
  26/22
Mr. Riess [12]   4/12
  6/17 9/4 13/4 15/7
  17/12 19/4 21/20
  24/18 24/22 24/24
  26/16
Mr. Riess' [3]   4/17
  18/18 19/18
much [5]   4/17 4/20
  7/12 21/22 26/10
muddied [1]   5/19
my [8]   13/21 17/5
  18/6 20/13 22/10
  22/16 23/17 24/3
myself [1]   26/10

**N**

necessarily [2]   7/4
  11/5
necessary [2]   8/6

means [1]   21/7
meant [1]   25/12
need [4]   17/20 18/12
  21/4 26/3
neither [1]   14/19
neutral [1]   14/19
never [2]   26/10
next [4]   5/5 20/24
  20/25 26/12
no [15]   1/4 4/12
  12/13 12/23 14/10
  14/12 16/6 17/6 18/2
  19/9 19/12 19/13
  23/10 24/21 26/3
not [37]
not-blue [2]   14/14
  14/24
note [1]   25/7
nothing [2]   13/14
  21/5
notice [12]   10/11
  12/10 13/6 13/10
  13/15 14/15 15/4
  17/8 18/25 19/3
  19/21 19/22
notion [1]   10/9
now [6]   4/3 4/5 14/3
  20/22 20/25 24/8
nub [1]   9/3
number [2]   10/21
  10/24
NW [3]   2/3 2/14 3/4

**O**

object [1]   23/24
objection [2]   12/17
  15/20
objective [1]   7/4
obtain [1]   20/4
obviously [2]   10/12
  23/15
October [7]   10/2
  12/1 12/9 13/6 13/10
  14/22 18/23
off [1]   4/13
offer [1]   14/17
offered [2]   9/9
  14/20
OFFICE [1]   2/7
official [3]   3/3
  14/7 14/9
officially [1]   20/21
okay [20]   4/14 5/3
  6/16 8/18 11/15 12/5
  13/2 13/12 15/6
  16/24 19/24 23/13
  25/6 26/6 26/7 26/9
  26/12 26/24 27/1
  27/5
once [1]   27/3
one [17]   6/10 6/19
  7/5 10/21 10/24 11/6
  11/14 12/2 12/7
  12/16 12/17 12/17
  12/20 12/24 13/4
  16/25 20/2

**O**

ones [4]   13/9 14/14 14/24 20/7
only [5]   5/15 14/1 16/6 22/19 22/22
open [5]   5/22 20/7 20/8 21/12 22/25
operative [1]   21/18
opinion [1]   26/19
opportunity [1]   6/6
oral [1]   9/23
order [5]   17/1 17/6 20/23 23/1 26/3
orders [2]   21/10 21/17
original [1]   10/24
other [8]   6/10 10/7 11/24 16/6 16/8 17/15 17/17 18/2
otherwise [2]   6/6 19/5
our [19]   4/23 8/11 8/14 9/16 10/24 13/7 13/12 14/7 15/24 16/22 17/2 18/19 19/16 20/7 20/10 20/10 21/17 25/9 25/19
ourselves [1]   6/5
out [5]   6/1 7/23 18/24 19/13 26/19
over [2]   4/13 4/20
overly [1]   24/13

**P**

papers [2]   5/13 6/9
paranoid [2]   24/14 25/13
part [2]   5/21 24/25
particular [1]   22/1
parties [2]   4/8 8/8
parties' [1]   25/23
path [1]   24/12
PAUL [3]   1/3 2/9 4/6
people [2]   5/25 9/10
performed [1]   21/12
period [1]   17/24
permanent [2]   23/23 24/1
phrase [1]   6/13
phrased [1]   23/11
phrasing [1]   6/14
picking [1]   20/3
picture [2]   5/2 15/21
piece [3]   10/6 13/3 18/17
place [2]   11/14 12/16
plaintiffs [10]   1/4 2/2 4/9 10/24 10/25 11/3 11/9 12/16 15/13 22/6
plaintiffs' [4]   4/21 8/2 21/24 23/19

pleaded [1]   10/14
pleading [1]   21/25
please [1]   10/19
PLLC [1]   2/2
point [9]   4/23 13/19 20/10 20/20 21/17 21/23 24/3 24/4 26/2
policy [1]   18/23
political [1]   9/25
poorly [1]   6/5
posited [1]   6/21
position [10]   5/14 6/18 7/7 7/21 10/16 14/7 19/19 23/22 24/15 25/20
possible [1]   24/2
post [1]   14/12
posture [1]   16/17
potential [4]   6/5 6/13 24/6 24/6
potentially [1]   20/4
practical [1]   20/10
prayers [1]   16/25
preliminary [1]   26/18
premise [1]   10/13
prepared [3]   15/8 24/9 26/17
present [2]   4/8 16/17
presented [1]   26/15
President's [1]   18/23
presiding [1]   4/4
presupposes [1]   13/7
Prettyman [1]   3/4
prevail [3]   17/19 18/7 18/16
primarily [1]   24/8
primary [22]   5/10 5/11 5/25 7/12 7/13 7/13 7/14 7/18 7/19 7/19 7/19 7/22 8/15 8/23 8/25 9/8 11/24 12/8 14/21 15/23 25/1 25/24
prime [1]   11/23
prior [4]   10/2 11/11 12/7 12/13
priorities [2]   18/23 21/3
problem [1]   13/7
problematic [1]   14/16
proceeding [1]   25/5
proceedings [5]   1/9 3/6 16/6 27/11 28/4
produced [1]   3/7
program [1]   14/9
Programs [1]   2/14
prohibit [1]   21/5
prohibited [2]   18/14 21/6
proposed [5]   4/24 10/9 11/9 14/18 16/5

prospective [3]   22/24 23/1 23/2
prospectively [1]   17/23
protection [10]   6/2 7/9 7/16 7/23 8/15 9/12 15/14 25/1 25/25 26/4
provide [3]   5/4 13/10 15/25
provided [1]   10/11
purpose [2]   16/7 16/16
purposes [4]   7/16 8/15 11/18 25/25
purview [1]   22/16
put [4]   9/15 9/19 19/7 26/13
putting [1]   23/16

**Q**

question [9]   5/22 7/1 7/2 9/6 10/11 13/21 24/7 24/17 24/20
questions [2]   5/8 12/22
quite [2]   13/17 17/13
quo [9]   13/13 17/3 17/7 20/13 21/9 21/11 21/16 21/18 22/7

**R**

race [1]   6/23
rational [3]   5/24 7/2 7/3
rationale [1]   6/20
re [1]   22/9
re-word [1]   22/9
reach [1]   4/19
reached [1]   24/4
read [4]   11/12 12/25 13/4 14/18
real [1]   17/14
realize [1]   13/17
really [6]   6/10 7/12 17/10 21/22 22/10 25/12
Realtime [1]   3/3
reason [46]
receive [1]   11/25
received [3]   17/22 22/7 22/22
receiving [2]   17/21 18/9
recently [1]   25/10
recipients [1]   14/22
recommended [1]   14/9
record [2]   4/5 28/3
recorded [1]   3/6
red [1]   14/1
Registered [1]   3/2
relate [1]   5/11

related [2]   16/13 26/2
relates [1]   5/7
relating [1]   5/8
relationship [1]   7/3
relief [10]   17/1 17/14 20/4 20/11 21/11 21/17 22/24 23/1 23/2 23/20
remedied [1]   22/17
remedies [1]   17/6
remedy [10]   16/23 17/14 17/18 17/25 18/7 21/24 22/6 22/19 23/15 24/6
repeat [1]   12/3
Reporter [4]   3/2 3/2 3/3 3/3
representation [1]   8/14
required [1]   7/8
requirement [1]   6/18
requires [1]   7/8
reserve [2]   9/14 9/16
resolution [1]   4/19
respect [2]   11/18 16/23
respectfully [1]   11/5
respond [1]   10/19
restoration [2]   18/8 23/20
restore [6]   17/1 17/9 17/20 18/2 20/19 21/24
restored [4]   18/13 20/14 21/10 22/20
restoring [1]   17/3
reviewed [1]   5/18
revised [1]   12/12
revisions [1]   12/12
Riess [14]   2/12 4/10 4/12 6/17 9/4 13/4 15/7 17/12 19/4 21/20 24/18 24/22 24/24 26/16
Riess' [3]   4/17 18/18 19/18
right [12]   4/11 13/2 14/12 18/5 19/3 19/12 19/15 20/15 20/19 23/6 25/9 26/25
rights [2]   9/14 9/16
RMR [2]   28/2 28/8
roadblock [1]   24/23
ruling [1]   13/11
Russ [1]   14/11

**S**

said [9]   7/1 8/13 11/7 12/15 13/4 17/7 19/10 24/12 25/3
SAINT [2]   1/3 4/6

**S**

**same [4]**   6/14 7/11
11/14 12/16
**satisfies [1]**   12/18
**say [12]**   9/19 12/24
13/12 15/2 16/11
17/6 18/1 18/19
19/12 20/23 23/1
24/15
**saying [4]**   9/13 11/1
15/4 20/4
**says [3]**   20/25 25/11
25/16
**scope [1]**   23/15
**scrutiny [1]**   7/2
**second [4]**   12/17
12/19 12/24 13/4
**see [3]**   4/18 7/12
21/22
**seek [1]**   20/4
**seemed [1]**   5/17
**seems [6]**   13/17 14/8
16/8 17/14 22/18
24/12
**seen [1]**   25/10
**selecting [1]**   13/9
**selection [2]**   12/8
13/5
**send [1]**   14/23
**sent [4]**   14/21 15/5
18/24 19/21
**sentence [3]**   11/22
12/2 12/6
**sentences [3]**   11/11
11/16 11/21
**separate [1]**   16/13
**September [1]**   13/13
**sequence [2]**   4/24
8/3
**session [1]**   4/3
**set [3]**   4/25 6/9
20/16
**sets [1]**   15/22
**setting [1]**   6/5
**seven [3]**   11/19
11/22 23/4
**short [1]**   11/16
**should [4]**   10/5
16/11 21/18 25/22
**show [3]**   5/14 25/15
26/3
**showing [5]**   6/19 7/8
7/16 7/22 24/2
**shuttle [1]**   4/18
**side [1]**   14/19
**sides [1]**   26/17
**signatures [1]**   26/13
**similar [1]**   12/7
**similarly [1]**   20/6
**simply [1]**   11/1
**sir [1]**   27/10
**situated [1]**   20/6
**situation [1]**   25/14
**slightly [1]**   22/9
**so [36]**

**So I think [1]**   18/1
**So it's [1]**   11/16
**social [1]**   14/12
**sole [3]**   5/16 6/7
25/15
**some [11]**   5/4 8/19
8/22 14/8 16/4 16/14
19/5 21/13 22/23
24/1 25/7
**somebody [5]**   14/8
19/4 19/5 19/9 20/18
**somehow [1]**   16/12
**something [6]**   6/15
13/16 15/8 18/9
22/17 27/4
**sometimes [1]**   24/15
**somewhat [1]**   5/8
**somewhere [1]**   22/12
**sorry [5]**   9/5 12/21
13/3 24/19 24/21
**sort [16]**   4/17 5/2
5/4 5/7 5/14 5/23
6/11 7/20 7/25 10/9
10/14 15/1 18/12
19/5 22/23 24/4
**sounds [1]**   26/12
**speak [1]**   8/1
**speaking [1]**   24/18
**St [1]**   2/9
**stand [2]**   4/14 8/14
**standard [5]**   5/12
6/9 6/22 7/8 25/17
**stands [1]**   16/16
**start [1]**   4/15
**state [6]**   5/23 7/20
12/11 14/2 14/25
15/24
**stated [1]**   7/11
**statement [1]**   16/4
**states [9]**   1/1 1/10
8/17 11/23 11/25
14/1 14/14 14/22
14/24
**status [13]**   1/9 5/23
7/21 13/13 17/3 17/7
20/13 21/9 21/11
21/16 21/18 22/7
22/20
**stenography [1]**   3/6
**step [3]**   7/25 15/12
26/12
**stephen [1]**   2/5
**stepping [1]**   5/17
**steps [1]**   5/5
**still [4]**   14/12 20/7
20/8 22/25
**stipulate [4]**   8/12
11/2 11/2 11/19 24/24
**stipulated [1]**   16/15
**stipulating [1]**   8/7
**stipulation [13]**
5/20 5/21 7/18 10/25
11/13 12/12 16/4
16/5 16/18 17/5
25/21 26/14 27/2

**stop [1]**   17/13
**strange [1]**   8/7
**Street [1]**   2/14
**strictly [1]**   16/16
**subjectively [1]**
11/4
**subsequently [1]**
24/24
**subset [1]**   15/22
**subtle [1]**   13/17
**suffice [1]**   25/2
**suffices [3]**   7/15
9/2 9/11
**sufficient [7]**   6/1
7/14 7/23 8/12 8/14
9/18 25/25
**Suite [2]**   2/3 2/9
**suppose [1]**   22/25
**sure [6]**   7/10 9/20
10/20 20/11 20/12
21/15
**switch [1]**   8/10

**T**

**take [8]**   7/21 7/25
9/25 12/24 15/7
15/12 22/6 26/8
**taken [1]**   16/9
**talked [1]**   23/14
**tell [1]**   19/4
**telling [1]**   21/3
**terminate [7]**   10/10
13/14 17/23 18/3
18/24 19/9 23/3
**terminated [15]**   10/5
11/22 14/2 17/8
18/21 18/21 19/2
19/21 19/22 20/21
21/13 21/19 22/2
22/13 22/14
**terminating [8]**   12/1
14/21 14/23 15/5
18/15 18/19 19/11
21/1
**termination [17]**
8/16 10/3 12/9 13/5
13/8 14/9 14/10 15/3
17/22 19/6 19/14
22/8 22/12 22/14
22/15 22/21 23/23
**terminations [1]**
13/23
**terms [4]**   6/19 14/13
18/6 24/5
**than [2]**   7/5 22/18
**Thank [4]**   4/16 27/6
27/7 27/10
**Thank you [2]**   27/6
27/7
**Thanks [2]**   27/8 27/9
**that [194]**
**that's [25]**   5/2 6/10
7/24 9/3 9/8 10/16
10/17 11/6 12/2
12/12 13/7 15/4 15/7

15/24 16/1 18/6
19/13 19/16 21/3
22/16 22/24 23/16
23/16 25/16
**their [4]**   5/13 10/25
12/1 16/10
**them [4]**   6/12 17/1
18/24 21/5
**then [12]**   5/25 7/17
7/21 10/18 16/10
16/17 24/10 24/24
25/15 26/12 26/15
26/17
**theory [2]**   13/22
25/23
**there [22]**   4/12 4/13
5/10 6/7 6/19 7/2
7/4 7/17 7/17 13/8
13/8 13/23 13/25
15/3 15/21 15/22
16/3 16/14 16/9
22/10 23/18 24/10
**there's [12]**   6/10
15/9 16/9 19/6 19/12
19/13 20/8 21/5
21/15 22/25 24/7
25/7
**therefore [1]**   20/20
**these [17]**   10/9 11/1
11/2 13/14 15/15
16/6 17/2 17/7 17/24
18/11 20/5 21/11
22/1 22/5 22/8 23/4
24/14
**they [14]**   13/9 13/12
14/15 15/17 18/19
18/22 18/22 20/5
20/9 22/3 22/7 22/21
23/20 24/23
**they're [4]**   11/4
11/4 13/16 21/19
**they've [1]**   21/25
**thing [2]**   10/7 24/22
**things [5]**   4/14 6/13
11/1 18/11 24/11
**think [33]**
**thinking [2]**   18/6
23/17
**this [45]**
**this is [1]**   13/25
**those [5]**   6/24 11/12
15/10 15/24 20/7
**thought [5]**   8/7 15/1
19/18 19/19 26/10
**thoughts [2]**   18/18
24/17
**through [2]**   5/5 20/2
**Throughout [1]**   9/23
**time [6]**   13/15 15/15
17/22 18/2 21/4
22/15
**timing [1]**   22/4
**titled [1]**   28/4
**today [4]**   4/13 11/12
24/12 25/19

**T**

**together [1]**   11/8
**tomorrow [1]**   27/3
**too [2]**   8/11 25/13
**towards [1]**   6/13
**tranche [2]**   12/10
  13/6
**transcript [5]**   1/9
  3/6 5/18 25/4 28/3
**transcription [1]**
  3/7
**treat [1]**   20/5
**treating [2]**   5/24
  9/9
**treatment [4]**   5/16
  6/8 7/15 15/22
**treats [1]**   9/10
**trick [1]**   21/14
**tried [1]**   10/13
**true [1]**   6/22
**try [2]**   14/18 15/2
**trying [2]**   6/12 8/10
**two [7]**   10/21 11/11
  11/16 11/21 15/11
  15/21 17/22
**twofold [1]**   17/19
**types [1]**   6/24
**typically [1]**   24/1

**U**

**U.S [1]**   2/13
**ultimate [1]**   7/1
**ultimately [2]**   6/25
  7/1
**unconstitutional [4]**
  17/4 18/16 22/16
  23/24
**under [2]**   4/24 6/8
**understand [8]**   11/3
  13/20 15/20 17/13
  17/21 18/9 18/11
  20/22
**understanding [4]**
  9/21 16/15 20/13
  24/5
**undo [1]**   17/8
**UNITED [2]**   1/1 1/10
**unless [3]**   19/6 20/8
  21/12
**until [5]**   14/11 19/3
  19/21 21/12 21/19
**up [7]**   6/5 6/23 11/8
  14/11 20/3 20/9 27/4
**upon [3]**   9/10 21/6
  23/4
**us [11]**   4/18 10/7
  10/17 11/7 11/14
  12/16 13/18 15/25
  16/23 17/10 21/14
**usdoj.gov [1]**   2/16

**V**

**versus [3]**   4/6 5/10
  7/18
**very [2]**   4/17 25/24

**via [2]**   22/1 23/3
**view [3]**   17/2 19/16
  21/18
**violation [3]**   6/2
  9/12 26/4
**Vought [1]**   14/11
**vs [1]**   1/5

**W**

**wait [1]**   19/10
**walk [1]**   25/4
**want [6]**   8/2 8/22
  13/11 20/23 21/15
  25/14
**was [40]**
**Washington [4]**   1/5
  2/4 2/15 3/5
**wasn't [1]**   25/12
**way [11]**   6/14 9/13
  10/15 15/1 17/17
  18/11 19/7 20/2
  23/11 25/7 25/12
**ways [1]**   10/13
**we [78]**
**we believe [3]**   9/15
  9/24 25/24
**we have [1]**   9/24
**We think [1]**   22/1
**we would [2]**   6/5
  23/12
**we'll [3]**   13/15 27/2
  27/4
**we're [13]**   4/22 4/22
  5/2 11/12 12/15 15/2
  15/4 17/9 18/19
  20/25 21/3 24/5
  26/16
**we've [3]**   24/4 25/3
  25/24
**week [2]**   20/24 20/25
**weigh [1]**   12/19
**welcome [2]**   18/18
  19/18
**well [5]**   6/10 19/2
  20/25 25/11 26/10
**were [34]**
**weren't [1]**   18/22
**what [37]**
**what's [1]**   7/7
**whatever [3]**   20/16
  20/16 26/19
**when [9]**   5/18 9/19
  10/11 12/24 13/15
  17/5 18/12 22/13
  26/16
**where [6]**   4/14 5/2
  13/7 24/5 25/10
  25/14
**whether [10]**   7/5
  10/4 11/11 12/10
  19/18 20/17 20/18
  22/11 23/1 24/8
**which [17]**   5/22 9/10
  9/20 10/8 11/23 12/8
  13/5 13/9 13/13

  14/17 22/11 23/3
  17/2 18/8 22/7 22/20
  27/2
**why [4]**   4/15 5/1 6/7
  14/21
**will [5]**   8/17 17/6
  19/4 19/19 26/15
**William [3]**   3/2 28/2
  28/8
**Wisconsin [1]**   2/3
**wise [1]**   24/12
**within [1]**   22/16
**without [3]**   9/13
  10/14 17/14
**wondering [1]**   20/2
**word [2]**   17/13 22/9
**worded [1]**   25/11
**words [3]**   16/8 17/15
  17/17
**work [4]**   10/14 11/7
  20/2 27/9
**world [1]**   19/8
**worry [1]**   18/19
**would [44]**
**wouldn't [3]**   10/18
  23/24 24/23
**WRIGHT [2]**   1/6 4/7
**writing [2]**   24/9
  26/13

**Y**

**Yeah [6]**   5/4 5/6
  13/19 17/16 20/1
  26/1
**yes [7]**   4/16 6/22
  8/13 13/1 14/5 24/12
  26/23
**yesterday [9]**   4/21
  4/25 5/9 5/16 6/21
  7/11 8/13 25/19
  26/17
**yet [1]**   10/7
**you [120]**
**you know [47]**
**you understand [1]**
  20/22
**you're [7]**   14/3
  16/10 16/11 17/9
  19/10 21/1 24/19
**you've [1]**   24/1
**your [43]**
**Your Honor [28]**   4/5
  4/8 4/16 5/9 7/10
  7/24 10/6 10/19 11/7
  12/21 14/6 14/17
  16/21 18/4 19/17
  19/20 20/3 23/7
  23/11 24/13 24/25
  25/18 26/5 26/8
  26/21 26/23 27/6
  27/7
**Your Honor's [2]**
  21/23 24/16

**Z**

**Zaremba [3]**   3/2 28/2

**via [2]**   22/1 23/3   ...

**ZOOM [1]**   1/9