# Exhibit C

 **Outlook**

## RE: [EXTERNAL] Re: City of St Paul v. Wright (D.D.C.) -- stipulation

**From** Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Date** Fri 12/19/2025 11:56 AM
**To** Dan Jacobson <dan@jacobsonlawyersgroup.com>
**Cc** Layendecker, Elizabeth B (CIV) <Elizabeth.B.Layendecker@usdoj.gov>; John Robinson <john@jacobsonlawyersgroup.com>; Stephen Wirth <stephen@jacobsonlawyersgroup.com>; Peter Zalzal <pzalzal@edf.org>; Rosalie Winn <rwinn@edf.org>; Stephanie Jones <sjones@edf.org>; Kelsey McElveen <kelsey.mcelveen@ci.stpaul.mn.us>

📎 1 attachment (32 KB)
City of St Paul v Wright Final Stipulation.docx;

Hi Dan,

As we have explained, we view this stipulation as substantively locked. Our clients have signed off on it, the Court has approved it, and it is ready for filing.

We have asked whether Plaintiffs have any non-substantive edits to the stipulation. Because it is materially different to state that Defendants "proffer" the statements in the stipulation, as opposed to "stipulat[ing] not to contest" them, respectfully, we cannot agree to that change. We represented to the Court during yesterday's hearing that Defendants would be "stipulat[ing] not to contest" these assertions. The Court did not raise any objection to that phrasing.

Because the rest of Plaintiffs' prior proposed changes are also significant material changes to the stipulation, as we have explained, respectfully, we cannot accept them. We appreciate your proposal to include after the stipulation a separate "Plaintiffs' statement section." However, we respectfully believe that it would be more appropriate to preserve the stipulation as its own document. Defendants will therefore be filing the attached stipulation with the Court shortly. If Plaintiffs wish to file a response to the stipulation, they are of course free to do so.

Sincerely,
Daniel

Daniel Riess
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-3098

**From:** Dan Jacobson <dan@jacobsonlawyersgroup.com>
**Sent:** Thursday, December 18, 2025 11:01 PM
**To:** Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Cc:** Layendecker, Elizabeth B (CIV) <Elizabeth.B.Layendecker@usdoj.gov>; John Robinson

<john@jacobsonlawyersgroup.com>; Stephen Wirth <stephen@jacobsonlawyersgroup.com>; Peter Zalzal <pzalzal@edf.org>; Rosalie Winn <rwinn@edf.org>; Stephanie Jones <sjones@edf.org>; Kelsey McElveen <kelsey.mcelveen@ci.stpaul.mn.us>
**Subject:** Re: [EXTERNAL] Re: City of St Paul v. Wright (D.D.C.) -- stipulation

To clarify a typo, I mean "disagree" in the first sentence.

---

**From:** Dan Jacobson <dan@jacobsonlawyersgroup.com>
**Sent:** Thursday, December 18, 2025 10:55 PM
**To:** Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Cc:** Layendecker, Elizabeth B (CIV) <Elizabeth.B.Layendecker@usdoj.gov>; John Robinson <john@jacobsonlawyersgroup.com>; Stephen Wirth <stephen@jacobsonlawyersgroup.com>; Peter Zalzal <pzalzal@edf.org>; Rosalie Winn <rwinn@edf.org>; Stephanie Jones <sjones@edf.org>; Kelsey McElveen <kelsey.mcelveen@ci.stpaul.mn.us>
**Subject:** Re: [EXTERNAL] Re: City of St Paul v. Wright (D.D.C.) -- stipulation

Daniel,

We very much agree with this recitation of events and any notion that the Court "approved" the proposed stipulation that the government read in court. It seems clear, particularly on p.24 of the transcript, that the court directed the parties to commit to writing what all parties and the Court had agreed upon at the hearing. We do not agree upon factual components of your proposed language and cannot agree to anything that suggests we do agree to that problematic language.

However, in an effort to move things forward, and given that your main concern seems to be avoiding have to get agency approval of different statements the government would be making, we propose an alternative path. This would involve two components, as reflected in the attached document (but we emphasize that this is a tentative proposal from plaintiffs' counsel, and we still need to consult our clients and receive their approval before agreeing to this language or approach).

First, the language you proposed would be reframed as Defendants' Statement, rather than a stipulation, and the first sentence would be changed to no longer say that Defendants "stipulate not to contest the following factual assertions." That language suggests that these are "factual assertions" by Plaintiffs that Defendants won't "contest," or that these are facts that the parties are "stipulating to," which is generally what a stipulation means.

But these are Defendants' assertions, not Plaintiffs'. This is really in substance a proffer by Defendants, under which Defendants are agreeing that for purposes of this case the assertions described could be established. So we propose to change this to just say "Defendants proffer the following," but we'd be open to alternative language making clear that these are assertions in Defendants' words, and not assertions that Plaintiffs are making or agreeing are accurate.

Rather, what Plaintiffs are saying is that we are willing to forgo discovery in light of these assertions by Defendants and the statements made by government counsel in open court, including because it's not necessary to resolve the contested parts of the assertions to decide our claims in this case.

To this end, if Defendants remain unwilling to negotiate revised, mutually agreed upon language, we would insist on being able to include a Plaintiffs' Statement section that makes clear, speaking for ourselves , the aspects of the assertions that we are not agreeing to, and the statements made in court that we are relying up in being willing to forgo discovery.

Our thought is that this should not be an issue for agency sign off because nothing of substance is being changed about what Defendants are stating in the Defendants' section that includes the language you proposed.

Please let us know as soon as you can if the attached works for a joint submission, and we can then seek sign off from our clients.

Best,
Dan

---

**From:** Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Sent:** Thursday, December 18, 2025 7:24 PM
**To:** Dan Jacobson <dan@jacobsonlawyersgroup.com>
**Cc:** Layendecker, Elizabeth B (CIV) <Elizabeth.B.Layendecker@usdoj.gov>; John Robinson <john@jacobsonlawyersgroup.com>; Stephen Wirth <stephen@jacobsonlawyersgroup.com>; Peter Zalzal <pzalzal@edf.org>; Rosalie Winn <rwinn@edf.org>; Stephanie Jones <sjones@edf.org>; Kelsey McElveen <kelsey.mcelveen@ci.stpaul.mn.us>
**Subject:** RE: [EXTERNAL] Re: City of St Paul v. Wright (D.D.C.) -- stipulation

Hi Dan,

We respectfully disagree. During today's hearing, the Court first asked Plaintiffs' counsel where things stood. Plaintiffs' counsel responded that he believed the parties were at an impasse. Defendants' counsel clarified that it would be sufficient to decide the equal protection question to find that a primary reason for the disparate treatment of the termination decisions at issue in this case was because of location in Blue States. The Court accepted Defendants' representation and never instructed the parties to reduce this representation to writing or to include it in the factual stipulation.

Defendants read verbatim the stipulation sent to Plaintiffs this morning, which included proposed changes from Plaintiffs presented during the meet-and-confer. Plaintiffs objected and said that they had alternative language to propose. The Court did not accept Plaintiffs' alternative language, but instead asked Plaintiffs if their concerns would be mollified if there were to be some statement added to the stipulation to the effect that this stipulation is applicable only as to these proceedings and for no other purpose. Such a statement is in the present stipulation.

Plaintiffs then objected to the stipulation by raising a concern about potential remedy. The Court asked the parties whether they agreed or disagreed with certain questions. Plaintiffs' counsel asked the Court what its thoughts were about asking Defendants to memorialize a particular legal question it had discussed with Defendants (namely, that a primary reason would suffice for purposes of equal protection law). The Court did not do so, instead saying that Defendants' counsel had offered his response and that "we've got a transcript."

Plaintiffs' counsel then again asked the Court to direct that the stipulation memorialize Defendants' representation. Again, the Court declined to do so.

Except for the statement that the stipulation be applicable only as to these proceedings and for no other purpose, at no other point during the hearing did the Court identify any language not already in the stipulation that needed to be included.  Nor did it identify any language that needed to be deleted.  The Court did not require or suggest that any oral representations made during the hearing needed to be committed to text in the stipulation.  Nor did the Court state that if any particular language was not added to or deleted from the stipulation read during today's argument, the Court would direct discovery to be ordered.

Defendants explained to the Court that the stipulation read aloud in Court today was sufficient for the Court to enter final judgment as to Plaintiffs' claims.  The Court expressed no disagreement with this statement.

Again, we view this stipulation as substantively locked.  Our clients have signed off on it, the Court has approved it, and it is ready for filing.  If you have any non-substantive edits, please let us know as soon as possible.  However, because we'll need to run any additional changes by our clients, that will slow things down for filing.  If not, please add Plaintiffs' signature block and we'll file with the Court.

Sincerely,

Daniel


Daniel Riess

Trial Attorney

Federal Programs Branch

U.S. Department of Justice, Civil Division

1100 L Street, N.W.

Washington, D.C. 20005

(202) 353-3098

---

**From:** Dan Jacobson <dan@jacobsonlawyersgroup.com>
**Sent:** Thursday, December 18, 2025 5:22 PM
**To:** Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Cc:** Layendecker, Elizabeth B (CIV) <Elizabeth.B.Layendecker@usdoj.gov>; John Robinson <john@jacobsonlawyersgroup.com>; Stephen Wirth <stephen@jacobsonlawyersgroup.com>
**Subject:** [EXTERNAL] Re: City of St Paul v. Wright (D.D.C.) -- stipulation

Daniel,

Respectfully, that is not an accurate reflection of what happened at the hearing today or what the Court ordered. Having reviewed the transcript just know to confirm our recollection, the court directed the parties to reduce to writing a stipulation that reflected the clarifications and statements made by the government at today's hearing. That is what the language that Stephen sent aimed to do.

We specifically noted at the hearing that we had concerns with aspects of the language that you offered, and the Court did not give approval or imprimatur to using that language and only that language. Rather the court directed us to reduce to writing a stipulation that reflected what was said at the hearing. If it were otherwise, there would have been no reason for the court to direct us to reduce to writing stipulation language, since you have already sent us and told the court that exact language.

In our view, the language you sent omits key parts of what was said today, and in some ways contradicts what was said at the hearing, including with respect to the status quo ante before the actions challenged in our case.

We'd be happy to change on revisions to the language we sent. If you are unwilling to do that, we will take that to mean the government is prepared to go forward with discovery in lieu of engaging on revised language.

Best,

Dan

Sent from my iPhone

> On Dec 18, 2025, at 5:10 PM, Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov> wrote:
>
> Hi Dan,